ANGELO MARCHIATELLO vs. THE LYNCH REALTY COMPANY ET AL.

Third Judicial District, Bridgeport, October Term, 1919.
WHEELER, BEACH, GAGER, CASE AND CURTIS, Js.

A finding of the Compensation Commissioner, like any other finding, should state the material and relevant facts which the evidence before him has established, and not recite the testimony of the witnesses, which can serve no useful purpose in this court.

A personal injury to an employee which results from a risk involved in, or incident to, the employment, or to the conditions under which the employee is required to work, "arises out of" his employment, within the meaning of that expression as used in our Workmen's Compensation Act.

In the present case a watchman employed by the defendant construction company, while in one of its office rooms at the scene of its work, was shot and killed by the accidental discharge, in an adjoining room, of an automatic pistol in the hands of a fifteen-year old lad

who acted as water- and errand-boy for the defendant, and who was fooling or experimenting with the firearm which he picked up from a desk in the office. The pistol was owned by the defendant's foreman and paymaster, and when not carried by him was kept in the construction office and frequently in plain view, a fact known to the employer. *Held* that under these circumstances the employee's injury might fairly be said to result from the conditions under which he was obliged to work, and therefore to "arise out of" his employment.

Argued November 5th—decided December 22d, 1919.

RESERVATION for the advice of this court under General Statutes, § 5383, as amended by Chapter 142, § 16, of the Public Acts of 1919, made by the Superior Court in New Haven County, *Kellogg, J.,* upon a *pro forma* judgment in favor of the defendants, rendered by the Compensation Commissioner of the fifth district. *Judgment advised for plaintiff.*

Marchiatello was employed as night watchman on the premises of the respondent employer, which was engaged in erecting dwelling-houses. The employer had a small office in a rather remote part of Waterbury which was used in the work. It contained three rooms, one used at this time as a construction office, another by the foreman who was asleep at the. time in question, and the other room separated from the construction office by a board partition in which the night watchman and a fellow-employee were engaged in conversing.

The night watchman was on Sunday morning, October 21st, 1917, engaged upon his duties, and upon a desk in the construction office at this time lay a Colt automatic pistol. This pistol had been in the construction office for such a length of time that the fact that it was kept there was known to a number of the employees of the respondent employer, including Cote, a fifteen-year old boy who acted as water- and errand-boy, and in part as timekeeper. Cote had seen and handled the pistol before in the office. The foreman was also pay-

master, and frequently had large sums of money in his possession in the construction office, and as a matter of personal protection he carried with him and kept in reach this pistol.

Cote reached the office on this Sunday morning and saw the pistol on the desk, was curious about it, and while fooling or experimenting with it, without intent on his part to do harm, the pistol went off and the bullet penetrated the board partition separating this office from the room in which the night watchman was, and hit him while he was engaged in the course of his employment and inflicted a wound from which he died.

*Francis P. Guilfoile,* for the plaintiff.

*Wilson H. Pierce,* for the defendants.

WHEELER, J. In this case the Compensation Commissioner made a *pro forma* award and filed the same in the Superior Court, and that court being of the opinion that the decision therein involved principles of law which were not free from reasonable doubt, and which public interest required should be determined by this court, reserved the case for the opinion of this court. General Statutes, § 5383, as amended by Chapter 142, § 16, of the Public Acts of 1919.

The finding of the Commissioner should have omitted its statement of what different witnesses testified to; and should have included such facts as might have been found from this testimony. We cannot find the facts from this testimony and hence we cannot use it in any degree. The finding should be made up of material and relevant facts proven before, or ascertained by, the Commissioner, together with the questions of law made by the parties and those ruled upon by the Commissioner.

The reservation presents a single question based

upon the finding of the Commissioner—whether the injury to Marchiatello arose out of his employment. An injury arises out of an employment when it occurs in the course of the employment and is the result of a risk involved in the employment or incident to it, or to the conditions under which it is required to be performed. The injury is thus a natural or necessary consequence or incident of the employment or of the conditions under which it is carried on.

Sometimes the employment will be found to directly cause the injury, but more often it arises out of the conditions incident to the employment. But in every case there must be apparent some causal connection between the injury and the employment or the conditions under which it is required to be performed, before the injury can be found to arise out of the employment. *Jacquemin* v. *Turner & Seymour Mfg. Co.*, 92 Conn. 382, 384, 103 Atl. 115; *Robinson* v. *State*, 93 Conn. 49, 52, 104 Atl. 491; *Mann* v. *Glastonbury Knitting Co.*, 90 Conn. 116, 119, 96 Atl. 368.

If an employer knows or ought to know that an instrumentality of his business may cause injury to his employees, or that one of his employees is likely to cause injury to a fellow-employee, and injury results in consequence of the condition of the instrumentality, or of the character or habits of the employee, the injury results from a risk arising out of the conditions in which the employment is carried on, and hence arises out of the employment. The cases immediately in point are not numerous. An injury to an employee by a fellow-employee when drunk and known by the employer to be liable to get in this condition and at such times to be dangerous, was held to arise out of the employment. *McNicol's Case*, 215 Mass. 497, 102 N. E. 697. An injury from the bite of a cat habitually kept in the place of employment was held to arise out of the employment. *Rowland* v.

*Wright,* L. R. (1909) 1 K. B. D. 963. An injury to an employee caused by the throwing, in sport and mischief, of sash pins by a fellow-workman—a practice known to the employer and not stopped—was held to be a risk of the employment as it was conducted. *State ex rel. Johnson S. & D. Co.* v. *District Court,* 140 Minn. 75, 167 N. W. 283.

The sport and mischief of one employee resulting in injury to a fellow-employee cannot be held to be a risk of the employment unless the employer has knowledge or the means of knowledge of the practice, and has failed to stop it. The watchman was required to perform his duties under the existing conditions of the employment, which were the presence of a boy and a pistol where the watchman was obliged to work, the knowledge of the boy that the pistol was in plain view and at hand, and the knowledge of the employer that the boy was liable to handle the pistol and to cause it to go off. The placing of the pistol out of the sight of the curious boy was within the power of the employer. By his failure to exercise such control, the pistol in the place in which Cote found it became one of the conditions under which the watchman was required to work, and while pursuing his work he was hit by a bullet from the pistol while in the hands of this boy. The injury was a consequence of this condition, and hence resulted from a risk of the employment and arose out of it.

The Superior Court is advised that the injury to the deceased arose out of his employment, and is directed to remand the case to the commissioner with instruction to make an award in favor of the plaintiff in accordance with this opinion.

Costs in this court to be taxed in favor of plaintiff.

In this opinion the other judges concurred.