JOHN CORREIA *vs.* JOSEPH MCCORMICK.

APRIL 15, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

RATHBUN, J. This is a petition for compensation brought under the Workmen's Compensation Act. The Superior Court denied compensation and entered a decree dismissing the petition. The cause is before us on petitioner's appeal from said decree.

The respondent was engaged in building roads. The petitioner was employed as a laborer and also as an under-

boss. His duties were to spread sand and gravel and to direct truck drivers where to dump their loads. If the loads were dumped as directed, it was his duty to punch the cards presented by the drivers. The petitioner's instructions were to send truck drivers who failed to follow instructions to the boss and not to punch their tickets. At the time of the injury the petitioner, while engaged in this work for the respondent, became involved in an argument with a truck driver. The truck driver having refused to follow instructions, the petitioner refused to punch his ticket and directed the truck driver to go to the boss. While the petitioner was proceeding in the direction of the boss the truck driver delivered a blow with his fist knocking the petitioner down and then struck him twice with a shovel. One of the blows with the shovel so injured a nerve in the petitioner's left arm as to paralyze several of his fingers. The truck driver was not a servant of the respondent but was an employee of a subcontractor.

The trial justice found that the injury was received "in the course of" but not "out of" the petitioner's employment. Said justice evidently believed that the petitioner and said truck driver engaged in a private quarrel. We find no testimony to support such belief. The rescript of said justice contains a statement as follows: "The court fails to see any causal connection between the injury and the conditions under which the petitioner was required to do his work." Said justice found that the truck driver was the aggressor.

Section 6, Art. III, Chap. 92, G. L., 1923, provides that the decree of the Superior Court "shall contain findings of fact, which, in the absence of fraud, shall be conclusive." However, "If the record discloses that a finding of fact is entirely without legal evidence tending to support it, such finding amounts to an error of law and will be reviewed by this court upon appeal and set aside"—*Jillson* v. *Ross*, 38 R. I. 145 at 150—and we can draw inferences from undisputed facts as readily as the court below.

The direct cause of the petitioner's injury was his strict adherence to duty. He merely complied with the orders given him by his superior. There was no evidence that at the time he received the injury he had stepped aside from his employment to engage in a private quarrel. He repeatedly told the driver to go to the boss. This the driver refused to do and from the testimony it appears that at the time the assault occurred the petitioner was on his way to report the trouble to the boss. Had the petitioner punched the ticket giving the truck driver credit for a load dumped in violation of orders there would have been no assault and no injury.

We find as a matter of law that the injury arose out of and in the course of petitioner's employment and was compensable. *Marchiatello* v. *Lynch*, 94 Conn. 260; *Anderson* v. *Security Bldg. Co.*, 100 Conn. 373.

The appeal is sustained, the decree appealed from is reversed. The parties may present for our approval a form of decree to be entered in the Superior Court.

*John A. Enos, Roger L. McCarthy*, for petitioner.

*Gardner, Moss & Haslam, Charles R. Haslam, W. Vincent Sumpter*, for respondent.