FRANK S. NOWICKI *vs.* LOUIS A. BYRNE *et al.*

JUNE 27, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is an original petition brought under the workmen's compensation act, general laws 1938, chapter 300, by an employee against his employer and the latter's insurance carrier to obtain compensation and medical expenses by reason of an injury allegedly caused by an accident arising out of and in the course of his employment. After a hearing on the merits in the superior court the petition was denied and dismissed by the trial justice, and the petitioner duly prosecuted his appeal to this court.

The principal facts are not in serious dispute. The petitioner was employed as a scraper operator by the respondent Byrne, who was a contractor doing certain work for the federal government at the Hillsgrove airport near Providence, in this state. The accident to the petitioner took place on the afternoon of Sunday, September 5, 1943. On that day the petitioner reported at 7 a.m. and worked until 3:30 p.m. when, under orders from the respondent Byrne's field manager, construction work was stopped for reasons connected with the nature of the job and the number of hours consumed, and all the men including the petitioner were laid off for the day. The petitioner did not leave the airport at once but talked with the respondent Byrne's master mechanic and his son, who were making some repairs to a tractor. The petitioner eventually assisted them with these repairs, the evidence being in conflict on the point. as to whether or not he volunteered to help with this work or was ordered to do so by the master mechanic.

About 5 p.m. the repairs were completed and the petitioner entered his own automobile, which was parked near by, and started to drive it out of the airport grounds to the public highway, which was about a mile away, the grounds being enclosed and there being guards at the main gate. The

petitioner was driving toward this gate, the exact distance which he had covered being in dispute, when he was struck in his left arm between the elbow and the shoulder by a stray rifle bullet fired by one Bedrosian, a seventeen-year-old youth, who was engaged in target practice in the rear of his home which was outside the airport area. After being injured, the petitioner received first-aid treatment and was then taken to the Rhode Island Hospital where the bullet was removed from his shoulder about three days later. As a result of the accident he was totally disabled for some time.

The trial justice denied and dismissed the petition on the ground that, in view of the facts appearing in evidence, the petitioner's injury did not result from an accident arising out of his employment. The respondent supports this finding but the petitioner contends that it is erroneous. In the instant cause the parties have cited to us numerous cases in which are discussed the general principles of law which should govern the court in determining whether or not, under a given set of facts, an accident arises out of the employment of the person injured. An examination of these cases shows them to be in conflict to some extent.

At the outset we take the position that cases involving accidents occurring on streets or public highways, when being used by the injured person as one of the public although engaged in his employer's business, are not in point in the present cause. It is often held that such cases, by reason of the fact that the accident happens in a street where the public has a right to be and where the danger or hazard which caused the injury is common to the public generally, are governed by the existence of particular circumstances which distinguish them from cases in which the accident takes place on the employer's premises or on other private property where the employee may be engaged in doing the employer's work.

The petitioner in support of his contention that the accident in the instant cause arose out of his employment has called our attention to several cases. These, generally speak-

ing, proceed on the theory that although the risk of the accident involved may have been external to the employment, yet it was a hazard thereof and exposure to such risk was caused by the nature of the employment. *Carmichael* v. *Mahan Motor Co.*, 157 Tenn. 613; *Calvetti* v. *Industrial Commission*, 201 Wis. 297. In our opinion the facts in these cases lend themselves more readily to the application of such a theory than do the facts in the present cause. In the case of *Industrial Commission* v. *Irvine, Inc.*, 72 Colo. 573, the court held that where the hazard of an employee's occupation is not common to the general public, and he sustains an accident which would not have occurred but for his employment while acting within the scope of his duties, the injury arose out of and in the course of his employment.

However, since we ourselves have had occasion recently to consider in a compensation case the scope and meaning of the phrase arising out of the employment, it is unnecessary for us to adopt or rely upon the holdings of other courts upon that point. In *Di Libero* v. *Middlesex Construction Co.*, 63 R. I. 509, we approved and applied a test which was set out in the case of *Ryerson* v. *Bounty Co.*, 107 Conn. 370. As there stated it was taken from the earlier case of *Marchiatello* v. *Lynch Realty Co.*, 94 Conn. 260. The full statement of the test, as set out on page 263 of that case, is as follows: "An injury arises out of an employment when it occurs in the course of the employment and is the result of a risk involved in the employment or incident to it, or to the conditions under which it is required to be performed. The injury is thus a natural or necessary consequence or incident of the employment or of the conditions under which it is carried on. Sometimes the employment will be found to directly cause the injury, but more often it arises out of the conditions incident to the employment. But in every case there must be apparent some causal connection between the injury and the employment or the conditions under which it is required to be performed, before the injury can be found to arise out of the employment."

The rule of law thus set out is in accord with the weight of authority. The rule is sometimes stated in slightly different language, but uniformly with the same general meaning and to the same effect. The respondent has cited to us several cases involving injury by shooting, or by a cause closely analogous thereto, in which cases, largely by reason of the lack of any causal connection as above referred to, the decision, in accord with the weight of authority, has been that the injury did not arise out of the employment. Among such cases are the following: *Matter of McCarter* v. *LaRock*, 240 N. Y. 282; *Harbroe's Case*, 223 Mass. 139; *Auman* v. *Breckenridge Telephone Co.*, 188 Minn. 256; *Sure Pure Ice Co.* v. *Industrial Commission*, 320 Ill. 332; *Dallas Mfg. Co.* v. *Kennemer*, 243 Ala. 42; *Whitley* v. *Highway Commission*, 201 N. C. 539.

After applying the aforesaid test to the facts as they appeared in evidence in the *Di Libero* case we came to the conclusion that the accident there involved arose out of his employment. We now affirm as sound the test we adopted in the *Di Libero* case and hold that it should be applied to the present facts. The trial justice, in effect, did this and found that in the instant cause the accident did not arise out of the petitioner's employment. In our opinion this finding was correct and the petition was properly dismissed.

An examination of the evidence, in our judgment, shows clearly that the injury in question did not result from any risk arising out of the petitioner's employment by the respondent Byrne in the airport grounds, or from any risk reasonably incident to such employment or to the conditions under which it was required to be performed. The injury here was not a natural or necessary consequence or incident of the petitioner's employment or of the conditions under which it was carried on. We see no causal connection between the injury to the petitioner's arm from the shot fired by Bedrosian and the petitioner's employment at the airport or the conditions under which he was called upon to do his work there.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

Moss, J., did not participate in the decision.

*Perkins, Higgins & McCabe, James A. Higgins,* for petitioner.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan,* for respondents.