ALBERT S. REMINGTON *vs.* LOUTTIT LAUNDRY COMPANY.

JUNE 30, 1950.

PRESENT: Flynn, C.J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is an original petition brought under the provisions of general laws 1938, chapter 300, by an employee against his employer to obtain compensation for injuries

allegedly caused by an accident arising out of and in the course of his employment. In the superior court after a hearing a decree was entered denying and dismissing the petition and from the entry of that decree petitioner has duly prosecuted his appeal to this court.

Many of the facts herein are not seriously in dispute. The evidence shows that petitioner, who was about seventy years of age when he was injured August 29, 1947, had been employed steadily by respondent at the same job for approximately seven years. His work was in the assembly room in respondent's laundry and it was his duty to remove from trucks five feet long, three and one-half feet wide and four feet deep clothes which had been washed and which were in net bags. At that time these clothes would be still hot and damp and it was part of petitioner's duty after taking them from the truck to sort them and hang them in different places to dry. In carrying out his work he was required to bend over and reach into the truck. On the day he was injured he went to work about 7 a.m. He had removed all the clothes from the first of the trucks and had stepped away from it a short distance when he suddenly fell backward striking his head on the cement floor. There was no evidence that the floor was not in its ordinary and normal condition or that he slipped on any substance or fell over anything which was on the floor. He became unconscious and was removed to a hospital where he remained until November 18, 1947. His injury ·was diagnosed as a compound basal skull fracture and brain contusion. Thereafter he convalesced at his home for about a year and while he has largely recovered from his injury he is unable to work. Respondent does not dispute that he is totally disabled.

Petitioner contends in substance that just before he was injured his head ached and he felt dizzy and that he fell because he had been overexerting himself to keep up with his work, because the clothes he had to handle and bend over were steaming and the assembly room was

excessively hot. In support of his contention he introduced evidence to the effect that at the time of the injury in his opinion the temperature in the room was close to 90 degrees; that there were pipes therein carrying steam; that there were several machines in the room such as rollers, pressers and ironers which were operated by steam and threw off heat; that no fans were being operated; that the room was steamy and foggy; and that when he fell he was going to a window to get fresh air.

Respondent, however, submitted evidence from which it appeared that the temperature in the assembly room was about 10 or 12 degrees warmer than the outside temperature, it being agreed by the parties that at the time of the injury this was 67 degrees. The respondent's evidence also showed that all the windows, of which there were a considerable number, were wide open; that the machines in the room gave off no appreciable heat; that all the steam pipes were covered and permitted no steam to escape; that the air in the room was not steamy or foggy; and that it was not excessively hot therein. There was also evidence which tended to show that the working conditions on the morning of August 29 were the same as they had been since petitioner had been employed, and that when injured he was merely doing his usual work.

As bearing on the question of what caused the petitioner to become dizzy and faint the medical testimony was in conflict. There was evidence presented by respondent through a doctor which, on the assumption that the history of petitioner's previous physical condition was correct, was to the effect that his fainting and consequent fall were caused by some form of circulatory disease or disorder. His history showed that the petitioner prior to his injury on August 29 had for some time frequently suffered from dizziness and fainting spells.

In the decree appealed from the trial justice made the following findings of fact:

"1. That the working conditions in the room where

the petitioner was working on the morning of August 29, 1947, were the normal working conditions; that the room was not 'extra' or excessively hot; that the room was not so full of steam as to be foggy; that the clothes did not throw off steam.

2. That the petitioner had been working about a half hour and had not overexerted himself.

3. That the dizziness and subsequent fainting of the petitioner was not due to excessive heat, working conditions, or overexertion.

4. That the petitioner had a pre-existing physical condition which had manifested itself on previous occasions by dizziness and unconsciousness; that neither his work activities or the conditions under which he worked aggravated, activated, or in any way affected that condition; that the dizziness and fainting were caused by the pre-existing condition and are not causally connected with his employment.

5. That the petitioner's fall and injury was not the result of a risk involved in his employment or incident to it, or to the conditions under which it was required to be performed.

6. That there was no causal connection between the fall and injury and the employment or the conditions under which it was required to be performed.

7. That the petitioner did not sustain personal injury by accident arising out of and in the course of his employment."

Upon consideration we are of the opinion that there is legal evidence which supports those findings which are properly findings of fact. In such circumstances and in the absence of fraud, they become conclusive and we have no power to review them. G. L. 1938, chap. 300, art. III, §6. *Baccari* v. *W. T. Grant Co.*, 73 R. I. 376. Petitioner is not questioning that there is legal evidence to support the findings of fact of the trial justice but contends that the decree as entered is against the law and should be reversed in that the seventh finding is erroneous. He argues that the fall was an unintentional or fortuitous external event and thus was an accident, *Parente* v. *Apponaug Co.*, 73 R. I. 441,

and that petitioner as a matter of law sustained an injury by accident arising out of and in the course of his employment, even if the above findings of fact are treated as conclusive.

The statutory law applicable to the instant cause required that petitioner prove that he was injured by accident arising out of and in the course of his employment. That petitioner's injury was suffered in the course of his employment is not questioned. The respondent, however, maintains that even if his fall for the purposes of this case is assumed to be an accident nevertheless it did not arise out of the employment.

This court heretofore adopted a definition of the phrase arising out of the employment. In *Nowicki* v. *Byrne*, 73 R. I. 89, at page 92, we quoted with approval the following language as used in *Marchiatello* v. *Lynch Realty Co.*, 94 Conn. 260: "An injury arises out of an employment when it occurs in the course of the employment and is the result of a risk involved in the employment or incident to it, or to the conditions under which it is required to be performed. * * * But in every case there must be apparent some causal connection between the injury and the employment or the conditions under which it is required to be performed, before the injury can be found to arise out of the employment." That test we also approved and applied in the earlier case of *Di Libero* v. *Middlesex Construction Co.*, 63 R. I. 509. In our opinion the problem before us is the application of the above definition in this cause.

In support of his contention that the decree appealed from should be reversed as a matter of law petitioner has called to our attention a large number of cases. In particular he relies to a considerable extent on certain English decisions claiming that they seem to be contrary to some of the authorities in this country. On this point, however, we are of the opinion that the cases in both countries basically rely on the same general rules of law and, aside from possible borderline situations, can be reconciled when

their respective facts are carefully analyzed. It is true that the decisions are not entirely uniform and, apart from statutory differences, depend largely upon the manner in which each court has applied such general principles of law in the particular case before it. Thus, assuming the evidence shows an accident, the ultimate question here is whether there was some causal connection between petitioner's injury and his employment or the conditions under which it was required to be performed. If so petitioner would be entitled to compensation, otherwise not.

Most of the English authorities cited by petitioner were discussed in *Carroll* v. *What Cheer Stables Co.*, 38 R. I. 421. An examination of those cases in which compensation was allowed, and also the authorities from other jurisdictions upon which the petitioner relies, will disclose findings which were in substance to the effect that the injury under consideration was causally connected with the employment as the result of a risk involved therein or was due to the conditions under which it had to be performed. In such circumstances the fact that the employee had an illness or a diseased condition which was a contributing or antecedent cause of the accident would not necessarily prevent his recovery of compensation.

In addition petitioner has called to our attention several opinions of this court which he urges uphold his present position. Among them are *Carroll* v. *What Cheer Stables Co., supra, Reynolds* v. *Freemasons Hall Co.*, 60 R. I. 343, and *St. Goddard* v. *Potter & Johnson Machine Co.*, 69 R. I. 90. An examination of those cases shows them to be distinguishable from the instant case particularly in regard to the respective findings of fact on conflicting inferences as to whether there was a causal connection between the injury and the employment, and whether the injury was the result of a risk involved in the employment or incident to it, or the conditions under which it had to be performed. In those cases, but not in the case at bar, such causal connection or risk was found to be present, or it was not

questioned that the accident arose out of the employment.

The case of *Fossum* v. *George A. Fuller Co.*, 70 R. I. 191, called to our attention by respondent, resembles the instant case to some extent. There the employee died of a heart attack during working hours and an award of compensation was refused. Although not on all fours with the present case nevertheless the decision in the case above cited was based on a finding that the employee did not receive an injury by accident arising out of and in the course of his employment or by reason of overexertion or the conditions under which he worked.

As hereinbefore indicated, to enable petitioner to be awarded compensation it must appear that there was some causal connection, construing that term with reasonable liberality, between his injury and his employment or the conditions under which it was required to be performed. In the instant case the findings of fact are conclusive and they are not attacked by petitioner, but he contends in substance that, as a matter of law, on the facts as found there was sufficient causal connection established between the injury and his employment to satisfy all proper requirements and to necessitate a holding that he had sustained an injury by accident arising out of his employment within the meaning of the compensation act.

The pertinent findings were to the effect that his fall and injury were not due to overexertion or to the conditions under which he worked, but were caused only by his pre-existing physical condition unconnected with his employment; that the fall and injury were not the result of a risk involved in his employment or incident to it; that there was no causal connection between such fall and injury and his employment or the conditions of work therein; and that he had not sustained injury by accident arising out of his employment. In other words, it was found on legal evidence that petitioner's fall and injury were due solely to his pre-existing physical condition, not as a remote, antecedent and contributing cause, but as the immediate,

direct and proximate cause. Treating as conclusive such findings as are properly findings of fact it is our judgment that petitioner in the circumstances has failed to establish his above contention and to show any error.of law in the decree as entered by the superior court.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Kirshenbaum & Kirshenbaum,* for petitioner.

*Donald A. Kingsley,* for respondent.