RICHARD M. SULLIVAN *vs.* STATE OF RHODE ISLAND.

MAY 21, 1959.

PRESENT: Condon, C.J., Roberts, Paolino and Powers, JJ.

120

PAOLINO, J. This is an original petition for workmen's compensation and medical and hospital expenses. It was heard by a trial commissioner who denied and dismissed the petition and a decree was entered containing the following findings of fact: "(1) That the petitioner has failed to prove by a fair preponderance of the evidence that his injuries caused by the automobile accident on October 20, 1956 on a public highway arose out of and in the course of his employment, connected therewith and referable thereto. (2) That the petitioner has failed to prove by a

fair preponderance of the evidence that his injuries result-
ed from a risk or hazard or the conditions under which his
work duties were to be performed." From a decree of the
full commission affirming the decree of the trial commis-
sioner, the petitioner has appealed to this court.

The petitioner bases his claim to workmen's compensa-
tion benefits on his contention that he was injured while
performing certain duties of his employment. The facts,
which are not in dispute, are based entirely on his testi-
mony. The petitioner is employed by the State of Rhode
Island as an elevator operator and porter at the Providence
County Court House. His duties, in addition to operating
the elevator, included the performance of various tasks and
errands, some of which took him outside the confines of the
building.

The petitioner testified that on Saturday mornings the
work staff in the building consisted of twelve to fourteen
employees; that he was on the 7:30 a.m. to 10:30 a.m. shift;
that because of the short work day his superior required
each employee to remain at his assigned task without inter-
ruption; and that there was no rest period or coffee break
on Saturdays. The petitioner also testified that a practice
had developed whereby on Saturday mornings one em-
ployee was designated on a rotating basis to leave the court
house building and go to a nearby restaurant to procure
refreshments for himself and his fellow employees. It is
undisputed that such refreshments were not available in
the building on Saturday mornings.

On Saturday, October 20, 1956, petitioner reported for
work at 7:30 a.m. He testified that there were approxi-
mately fourteen employees on duty that day; that it was
his turn to leave the building and procure refreshments
for his fellow employees; that he went to a nearby restau-
rant for this purpose; and that on his way back to the court
house, about 8:45 a.m., while crossing a public highway he
was struck by an automobile and sustained severe injuries.

122

On the basis of the record before it a majority of the commission found that petitioner had not sustained compensable injuries under the workmen's compensation act. After careful consideration it is our opinion that the commission is in error. It is undisputed, and in fact the commission found, that the practice of having one of the employees go out for food was condoned, if not acquiesced in, by petitioner's superior. But more than this, petitioner testified that this practice had been in existence prior to his employment with the state; that Harry McCormick, who was superintendent of the building when petitioner was originally hired by the state, assigned certain duties to petitioner; that the superintendent insisted that on Saturdays only one person would leave the court house to perform such duties; and that he designated certain men to go out on different weeks on a rotating basis. The petitioner also testified that he performed these tasks at Mr. McCormick's direction; and that since Mr. McCormick's decease the employees have carried on the same practice under the new superintendent of the building.

In substance petitioner testified that one of the duties of his employment was to do exactly what he did on the Saturday in question. This testimony stands uncontradicted. In our opinion the commission overlooked or misconceived such evidence. In the instant case the uncontradicted evidence is that petitioner was injured while performing one of the duties connected with his employment. In these circumstances the employment required the petitioner to use the public highway and therefore the risks of such highway must be considered risks of the employment. *McDonald* v. *Great Atlantic & Pacific Tea Co.,* 95 Conn. 160; *Mueller Construction Co.* v. *Industrial Board,* 283 Ill. 148; *Matter of Katz* v. *A. Kadans & Co.,* 232 N. Y. 420; *Fritsche* v. *O'Neill,* 147 Pa. Super. 153.

The only question before us is the legal effect of petitioner's uncontradicted testimony as to whether he sus-

tained a compensable injury while performing one of the duties of his employment. This is a question of law which is subject to review on appeal. *Corry* v. *Commissioned Officers' Mess (Open)*, 78 R. I. 264.

It is well established that an injury arises out of and in the course of employment, is connected therewith and referable thereto if it results from a risk involved in the employment or incident thereto or to the conditions under which it is required to be performed, and if it happens within the period of employment at a place where the employee may reasonably be while he is fulfilling the duties of the employment. *Di Libero* v. *Middlesex Construction Co.*, 63 R. I. 509; *Nowicki* v. *Byrne*, 73 R. I. 89; *Corry* v. *Commissioned Officers' Mess (Open)*, *supra*. This test has been met in the instant case.

After careful consideration of the undisputed facts, it is our opinion that there is a causal connection between the injury sustained by the petitioner and his employment or the conditions under which he was required to perform such employment. Consequently the petitioner's injury arose out of and in the course of his employment, was connected therewith and referable thereto. It was therefore error to deny his claim for compensation.

The petitioner's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Marshall B. Marcus,* for petitioner.

*J. Joseph Nugent,* Attorney General, *F. Thomas O'Halloran,* Special Counsel, for respondent.