EVA GRASSEL *vs.* GARDE MANUFACTURING CO.

JULY 22, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This is an employee's original petition under the workmen's compensation act, general laws 1956, chapter 28-35. It was heard before a trial commissioner who entered a decree denying and dismissing the petition. From such decree the petitioner appealed to the full commission. The case is before us on her appeal from the decree of the full commission affirming the decree of the trial commissioner. The petitioner states as her reasons of appeal that the decree is against the law, against the evidence, against the law, the evidence and the weight thereof, and that the decree fails to do justice to her.

The record discloses that petitioner entered the employ of respondent on or about December 18, 1957 as a bench worker for which she was compensated at an average weekly wage of $42; that she drove from her home to the premises of respondent and parked her car in the rear thereof; that on respondent's premises, which front on Eddy street, is a long narrow building extending easterly to Allens avenue, and containing three entrances and exits; that one of such entrances or exits is on Eddy street and the other two are on the south of the building facing on an alley which runs easterly from Eddy street to Allens avenue.

It further appears that respondent's employees mostly used the two exits on the southerly side of the building, about 40 per cent using each of them and only 20 per cent using the Eddy street exit, and that petitioner was in the habit of using the exit fronting on the alleyway and nearest to the rear of the building. The record also discloses that during the hearing before him the trial commissioner took a view of the premises where the injury occurred.

The petitioner testified that on the day of the accident, January 27, 1958, she punched out her timecard at 4:30 in the afternoon, her working hours being from 8:00 a.m. to 4:30 p.m.; that she left with another employee through the door facing on the alley and nearest to the rear of the building; and that within seconds of punching the clock she had walked down the alley towards Allens avenue when on reaching the point at which the alley dropped sharply down to Allens avenue, according to her testimony: "I tripped on this piece of pipe that sticks out of the ground. I think it's to hold the gates." It is undisputed that she was rendered unconscious as a result of her fall, was carried back into the plant, and later that day was treated at the Rhode Island Hospital.

Alice Deshaies, who rode with petitioner to and from work each day and who left the premises with her on the day of the accident, testified in corroboration of petitioner's recital of the incident up to the point of the accident. However, she stated: "Well, it was, she was, say we were going down the hill, well, I don't know how she did it." She further testified that the ground was wet and admitted in cross-examination that it was slippery. The witness was unable to explain how petitioner came to fall. Her first knowledge that she had fallen came after the event.

Her exact testimony relating to her knowledge on the subject was as follows: "Well, we walked out the door and we walked toward the decline and I was going to take her arm and I looked down and she was laying on the ground and she was unconscious." She stated that petitioner's feet, or legs, or shins were lying over a pipe about one inch in diameter which protruded above the ground to a height which is not clear from the record.

Melvin Korman, the plant superintendent, testified that he was present when petitioner was brought into the shop in an unconscious condition. He stated that Alice Deshaies informed him that Mrs. Grassel had tripped over a pipe

in the alleyway and that within a half hour of the accident he inspected the ground where the accident had occurred. He testified that at this point the alley becomes a high ramp of cement and that the pipe was flush with the pavement. Korman explained that this pipe is used to lock the gates across the alley, that previously there had been an obstruction or elevation used for that purpose, but that on the day of the accident the obstruction no longer existed. He did not know when the obstruction had been removed and noticed for the first time on the day of the accident that it was not there. It was his belief, based on information from the owner of the premises, that the obstruction had been removed in favor of the inserted pipe some three months previous to January 27, 1958. According to his testimony the employees were not required to use any particular exit nor were they prohibited from using the one through which petitioner had left the building. An estimate of the percentage of employees using the various exits was furnished by him.

Doctor Carroll Silver testified that he was treating petitioner and first saw her on March 13, 1958. He stated that she complained of marked stiffness and pain in her right hand with inability to close the fingers. The diagnosis made by Dr. Silver was that petitioner was suffering from "Post-traumatic extension contractures of the metacarpophalangeal joints, that's the knuckle joints, of the second to fifth fingers of the right hand, and marked in the third to fifth fingers inclusive." It was his opinion that these injuries resulted from her fall and that she would have full use of the hand after several more months of treatment.

The trial commissioner found as a fact:

"(1) The petitioner failed to prove by a fair preponderance of the evidence that she fell because of any condition which existed upon the employee's (sic) premises or because of the manner or conditions under which the employee was required to perform her work.

(2) The petitioner failed to prove by a fair preponderance of the evidence what she alleged as the cause of her injury, namely that there was a pipe sticking up from the ground over which she tripped and fell.

(3) The petitioner failed to prove by a fair preponderance of the evidence that the injury which she sustained on January 27, 1958 arose out of or was sustained during the course of her employment with the respondent or was connected therewith or was referable thereto."

Upon these findings the commissioner denied and dismissed the petition. In his decision he relied on *Nowicki* v. *Byrne,* 73 R. I. 89, and *Remington* v. *Louttit Laundry Co.,* 77 R. I. 185.

The petitioner contends in effect that even though the trial commissioner might be justified in finding that she could not have tripped over an obstruction, nevertheless her fall and resulting injury occurred on premises under respondent's control. Therefore she argues that it was an unintentional or fortuitous external event and thus was an accident within the meaning of the workmen's compensation act as set forth in the *Nowicki* and *Remington* cases.

Assuming, de arguendo, that an employee, who having completed her work for the day is injured on and while leaving the employer's premises, can be compensated therefor, nevertheless the burden of establishing a causal connection must be established by competent evidence and cannot be left to conjecture or speculation. In the instant case petitioner unquestionably proved that she had sustained a painful and disabling injury as a result of a fall on premises under respondent's control, but the cause of such fall is in dispute. The trial commissioner found as a fact that petitioner failed to prove that her fall resulted from a pipe protruding from the ground, and there is evidence to support his findings.

6

The commissioner viewed the premises and the plant superintendent testified that no such obstruction, as testified to by petitioner, existed on the day of the accident. In the absence of fraud the findings of fact of the trial commissioner are not subject to review by this court. General laws 1956, §28-35-30; *Brown & Sharpe Mfg. Co.* v. *Lavoie,* 83 R. I. 335; *Trotta* v. *Brown & Sharpe Mfg. Co.,* 86 R. I. 247, 134 A.2d 173. A number of alternative causes for petitioner's fall readily come to mind, but they are purely speculative and are not a substitute for competent evidence.

We are of the opinion that the decision of the full commission affirming the decree of the trial commissioner was correct and cannot be disturbed.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

ROBERTS, J., dissenting. It seems to me that the decision herein requires a standard of proof for causation which is applied to negligence cases and which is not consistent with the objectives of the workmen's compensation act. In my opinion the instant result constitutes an extension of the causation requirements heretofore stated and applied by this court in workmen's compensation cases. See *Carroll* v. *What Cheer Stables Co.,* 38 R. I. 421; *Distante* v. *United Electric Rys.,* 53 R. I. 258; *Di Libero* v. *Middlesex Construction Co.,* 63 R. I. 509; *Nowicki* v. *Byrne,* 73 R. I. 89; *Remington* v. *Louttit Laundry Co.,* 77 R. I. 185; *Corry* v. *Commissioned Officers' Mess (Open),* 78 R. I. 264; *Palmer* v. *Friendly Pharmacy, Inc.,* 84 R. I. 98.

As this court said in *Corry* v. *Commissioned Officers' Mess (Open), supra,* at page 267: "Here we are not dealing with a finding of fact but with the legal effect of uncontradicted and unimpeached evidence not inherently improbable as to whether petitioner's injury arose out of

and in the course of employment within the meaning of the statute."

It is not disputed that petitioner fell in an alley on her employer's premises; that because of her employment she would reasonably be expected to be in that place at that time; and that her disability directly resulted from injuries sustained by that fall. She is denied compensation because she was unable to prove the precise physical condition in the alley which caused her to lose her footing. In my judgment she proved all that any employee should be required to prove and all that any employee has been required to prove under the cases above cited.

It is to be noted that we are not dealing here with a case in which the precipitating incident affirmatively appears to have been disconnected with the employment. *Nowicki* v. *Byrne, supra; Remington* v. *Louttit Laundry Co., supra.* It is unquestioned that this petitioner sustained her injuries by falling in the alley controlled by her employer. I am simply unable to determine the exact physical condition in the alley that made her fall. In my view the proof of connection with employment is stronger in this case than was the proof in *Corry* v. *Commissioned Officers' Mess (Open)* and *Palmer* v. *Friendly Pharmacy, Inc., supra,* and in both of those cases compensation was awarded.

As I read the majority opinion in this case the test of causation which is being applied is substantially the same as that which we have consistently applied in negligence cases. See *Ziegler* v. *Providence Biltmore Hotel Co.,* 59 R. I. 326; *Ashton* v. *Higgins,* 80 R. I. 350. This court has clearly held that the showing of proximate cause required to afford recovery for negligence is not necessary in workmen's compensation cases. *Carroll* v. *What Cheer Stables Co., supra; Distante* v. *United Electric Rys., supra; Palmer* v. *Friendly Pharmacy, Inc., supra.*

In my opinion the petitioner established a causal connection between her injuries and her employment by show-

ing that she suffered a physical impact with a specific portion of her employer's premises. I am unable to accept the rule that an employee must show the precise physical instrumentality which created the physical impact resulting in injury.

PAOLINO, J. concurs in the dissenting opinion of Mr. Justice Roberts.

*Isidore Kirshenbaum, Louis Kirshenbaum, Alfred Factor,* for petitioner.

*Boss, Conlan, Keenan, Bulman & Rice, John T. Keenan,* for respondent.