WILLIAM H. GAUDETTE *vs.* GLAS-KRAFT, INC.

JULY 14, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is an employee's original petition for compensation and medical expenses under the workmen's compensation act. The cause is before us on the petitioner's appeal from a decree of the full commission affirming the decree of the trial commissioner denying and dismissing the petition.

The principal facts are not in dispute. The petitioner was employed by respondent as a pipe coverer. The nature of his work was such that it was necessary for him to wash his hands during working hours. At about 4:25 p.m. on the day in question he was washing his hands at a sink provided for that purpose by respondent upon the work premises. It is admitted that he was doing so on company time and with its approval. A fellow employee was also using the sink, and it was only large enough for two people to use at one time.

While petitioner was so engaged another fellow employee, Albert Ducharme, came between them and pushed petitioner away from the sink. The petitioner thereupon grabbed Ducharme by the shirt and pushed him away. He then dropped his hand and while he was talking to another employee he was struck in the face by Ducharme. As a result of the blow petitioner suffered a broken nose and was totally incapacitated for work for a period of a little over a month.

The trial commissioner entered a decree denying and dismissing the petition on the ground that petitioner had failed to prove by a fair preponderance of the evidence that the injuries sustained arose out of and in the course of his employment with respondent, connected therewith and refer-

able thereto. The full commission sustained the decree of the trial commissioner and held that injuries resulting from a fight between fellow employees upon the employer's premises are not compensable unless the subject matter of the fight concerns the employer's business or the manner in which it is carried on.

The petitioner contends in substance that the decree appealed from is against the law and the evidence. He argues that there is no evidence to support the finding of the commission that there was no causal connection between the injuries and the employment or the conditions under which petitioner was required to perform his work. On the contrary he contends that the undisputed and uncontradicted evidence is conclusive proof that the assault was connected with one of the incidents or conditions of his employment. The substance of petitioner's argument is that due to the nature of the work the use of the sink was an incident of his employment; that the assault resulted from his use thereof; that therefore the injuries sustained were caused by an incident or condition of his employment; and that consequently such injuries are compensable under general laws 1956, §28-33-1.

The narrow issue raised by the instant record is a question of causation. As the court said in *Almeida* v. *United States Rubber Co.*, 82 R. I. 264, 268, in quoting with approval the following language from *Nowicki* v. *Byrne*, 73 R. I. 89, 92: "But in every case there must be apparent some causal connection between the injury and the employment or the conditions under which it is required to be performed, before the injury can be found to arise out of the employment." Under §28-33-1 the petitioner in the case at bar had the burden of establishing that he suffered a personal injury arising out of and in the course of his employment, connected therewith and referable thereto. *Almeida* v. *United States Rubber Co., supra*, at page 268.

Assuming that the use of the sink was incidental to petitioner's employment, the question whether the assault was caused by the use of the sink or from some other cause is, in the first instance, a question of fact. The trial commissioner found as a fact that the quarrel was a private one; that while petitioner was not the aggressor, he nevertheless carried on the argument beyond what the commissioner believed could be said to have been reasonable; and that in the circumstances he had failed to prove by a fair preponderance of the evidence that his injuries arose out of and in the course of his employment, connected therewith and referable thereto as required by §28-33-1.

It is reasonable to assume that he based such findings on his determination from the evidence before him that the assault was attributable, not to the use of the sink but to the private quarrel which occurred and was caused by petitioner's action in grabbing and pushing Ducharme prior to the assault. This assumption, which we believe is implicit in the trial commissioner's ultimate finding, is also supported by the decision of the full commission which stated that "the dispute which precipitated the assault in no way concerned the work which the petitioner or his assailant was required to do for the respondent, nor did it concern the conditions under which the work was required to be performed."

In the posture in which the case has been presented to us, the only question for our determination is whether there is any evidence to support the findings. If there is such evidence this court has no authority under the act to weigh the same or to determine where the preponderance lies. *Catoia* v. *Eastern Concrete Products Co.,* 84 R. I. 402, 404.

After careful consideration we cannot say that the commission's findings that the assault was not attributable in whole or in part to the nature, conditions, obligations or incidents of petitioner's employment were without evidence to support them. The decree of the commission, being

based upon some legal evidence, cannot be disturbed by this court. *Brown & Sharpe Mfg. Co.* v. *Lavoie,* 83 R. I. 335, 343.

The facts in *Correia* v. *McCormick,* 51 R. I. 301, and *Sullivan* v. *State,* 89 R. I. 119, 151 A.2d 360, differ substantially from those in the case at bar. Those cases are therefore not in point. On the view that we have taken it becomes unnecessary to consider the decisions of other jurisdictions which have been cited by the petitioner.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Richard J. Israel,* for petitioner.

*Joseph A. Kelly,* for respondent.