CAROL FONTAINE *vs.* TUPPER COMPANY, *Division of Rexall Drug and Chemical Company.*

MARCH 6, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J.  This is an employee's original petition seeking compensation for incapacity for work allegedly resulting from an injury arising out of and in the course of her employment with the respondent, connected therewith and referable thereto.  It was heard by a single commissioner who found that the petitioner had failed to sustain the burden of proof and entered a decree denying and dismissing the petition.  The cause is before us on the petitioner's appeal from a decree of the full commission affirming the decree of the single commissioner.

The pertinent facts are undisputed.  On January 21, 1960, petitioner was employed by respondent as a molding machine operator.  Her normal working hours were from 3 to 11 p. m.  At eleven o'clock in the evening of the day in question she went upstairs from the basement shop where the molding room is located, punched out on the time clock, procured her coat and left the building.  She went to the parking lot which was controlled, maintained and guarded by respondent for the sole use of its employees.  There she found that the car in which she was accustomed to ride was

inoperative and offered to return to the shop for assistance. On re-entering the building she fell down the flight of stairs just at the right of the entrance and sustained serious injuries. She was found in an unconscious condition at the bottom of the stairs by a fellow employee who reported his discovery to Gerald A. Loon, petitioner's foreman.

Loon testified that he had on occasions requested one of respondent's mechanics to render assistance. As he says, "It wasn't an idea of repair, if somebody was stuck or needed a push, I would ask one of the fellows to give them a push." He further testified that it was not part of the mechanic's duties, that he would not have ordered such assistance if a mechanic refused, and that such assistance was a courtesy.

The petitioner in cross-examination acknowledged that the assistance she sought was in the nature of a favor. She testified that from the moment she began to fall she was conscious of nothing until she returned to consciousness in the Rhode Island Hospital some 29 days later.

The transcript discloses that the single commissioner took a light view of the materiality of testimony bearing on the practice of seeking such assistance. In rendering his decision he observed that the foreman had conceded "he would have gladly sent a mechanic to help start the car if he had been so requested," but apparently gave this no weight in reaching his decision. The single commissioner found that petitioner had failed to prove by a fair preponderance of the evidence "that such injuries and resulting incapacity for work arose out of a risk or hazard of such employment with respondent."

In her reasons of appeal petitioner has assigned divers assertions of error, among which is the following: "That the Commission is in error in affirming the Trial Commissioner although the Commissioner is in error when he limits recovery only to cases where 'petitioner's injuries and inca-

pacity for work arose out of and in the course of her employment or a risk or hazard connected therewith'."

We are of the opinion that there is merit in this contention. It is not necessary for an employee to prove that his injury arose out of a *risk or hazard* connected with the employment. It is sufficient to prove that it resulted in incapacity for work and arose out of and in the course of his employment and was causally connected therewith and referable thereto.

The full commission relied on *Nowicki* v. *Byrne*, 73 R. I. 89. In that case the worker was injured by a stray bullet fired by a youngster in the latter's yard. Although the workman was still on the employer's premises at the time he was struck there was no causal connection between the incident and the workman's employment. As in the present circumstances, Nowicki had completed his work for the day and was driving his car off the employer's premises when the injury occurred. It was not these circumstances, however, that were determinative of our decision. The controlling circumstance was that no causal relationship existed. In commenting upon the circumstances present in the *Nowicki* case this court at page 92 quoted with approval the language in *Marchiatello* v. *Lynch Realty Co.*, 94 Conn. 260, at page 263:

> " 'An injury arises out of an employment when it occurs in the course of the employment and is the result of a risk involved in the employment or incident to it, or to the conditions under which it is required to be performed. The injury is thus a natural or necessary consequence or incident of the employment or of the conditions under which it is carried on. Sometimes the employment will be found to directly cause the injury, but more often it arises out of the conditions incident to the employment. But in every case there must be apparent some causal connection between the injury and the employment or the conditions under which it is required to be performed, before the injury can be found to arise out of the employment.' "

In the instant case petitioner's return to the building for assistance would be an incident of her employment if she did so by reason of a known practice which her employer's representative, the foreman, had encouraged. See *Sullivan* v. *State,* 89 R. I. 119, 151 A.2d 360.

There is merit in petitioner's contention that removing employees' cars from the parking lot in the present circumstances was a benefit to both employer and employee. The single commissioner, however, made no finding in this regard and in point of fact the testimony relative thereto is too inconclusive for a determination favorably or unfavorably to petitioner.

We are of the opinion, therefore, that the cause should be remanded to the workmen's compensation commission for further hearing on the issue here raised.

The petitioner's appeal is sustained, the decree appealed from is set aside and the cause is remanded to the workmen's compensation commission for further hearing in accordance with this opinion.

*Irving I. Zimmerman,* for petitioner.

*Worrell and Hodge, Eldridge H. Henning, Jr.,* for respondent.