Philip MAGGIACOMO

v.

RHODE ISLAND PUBLIC
TRANSIT AUTHORITY.

No. 83–514–Appeal.

Supreme Court of Rhode Island.
April 24, 1986.

Raul L. Lovett, Lovett, Schefrin & Gallogly, Ltd., Providence, for petitioner.

John Earle, Breslin & Sweeney, Providence, for respondent.

OPINION

BEVILACQUA, Chief Justice.

This is an employee's original petition to review a decree of the Workers' Compensation Commission. It is before us on the employee's appeal from a decree of the commission affirming the decree of the trial commissioner denying the employee's original petition for compensation.

The facts are not in dispute. The employee was employed by employer as a bus driver for approximately five years. The employee testified that on March 13, 1982, while operating a bus on Armistice Boulevard in Pawtucket, he experienced a deep cough that caused him to suffer severe pain in his lower back. According to employee, he immediately pulled the bus to the side of the road and, holding onto the bus, crawled out and made his way to a phone booth. He then telephoned his inspector to inform him of what had occurred and to obtain assistance. He was later transported by rescue squad to Pawtucket

Memorial Hospital. Subsequently, employee filed a petition to recover workers' compensation benefits as a result of his incapacity from work commencing March 14, 1982, and continuing until June 19, 1982, when he returned to work.

At the hearing before the trial commissioner, Dr. Stephan Deutsch, an orthopedic surgeon, testified that he examined employee on March 17, 1982, and found him to be totally disabled from his occupation as a result of an acute lumbosacral strain. The commissioner, however, denied the petition on the basis that employee had failed to meet his burden of proof that he sustained an injury that arose out of and in the course of his employment, as required by G.L.1956 (1979 Reenactment) § 28–33–1. The commission affirmed, stating that the record failed to show that the alleged injury resulted from a work-related incident; rather the commission found that the injury occurred as a result of a cough. We affirm.

The sole issue before us is whether employee established a causal connection or nexus between his injury and his employment. It is settled law in this jurisdiction that an employee's injury is compensable if the particular facts of a case establish a causal connection or nexus between the injury and employment. *Dawson v. A & H Mfg. Co.*, 463 A.2d 519 (R.I.1983); *DeNardo v. Fairmount Foundries Cranston, Inc.*, 121 R.I. 440, 399 A.2d 1229 (1979); *Beauchesne v. David London & Co.*, 118 R.I. 651, 375 A.2d 920 (1977). To establish such a nexus or causal relationship, the employee must prove that his injury occurred within the period of his employment, at a place where he might reasonably have been, and while either fulfilling the duties of his employment or doing something incidental thereto or to the conditions under which those duties were to be performed. *Bottomley v. Kaiser Aluminum & Chemical Corp.*, 441 A.2d 553, 554 (R.I.1982).

█ Whether the claimant has met his burden of proof is a mixed question of law and fact. *Id.* This court is bound by the commission's findings regarding the facts surrounding the accident, and we will review those findings only to determine if the record contains competent legal evidence in support thereof. *Id.* at 554–55.

█ In the case at bar, it is undisputed that employee's back injury occurred during the course of his employment as a result of experiencing a deep cough. However, we do not believe that the mere fact that employee's cough occurred while he was operating a bus provides a sufficient nexus to connect the injury to his employment.

█ Our holdings denying compensation in *Nowicki v. Byrne*, 73 R.I. 89, 54 A.2d 7 (1947), involving an injury by a stray bullet, and in *Zuchowski v. United States Rubber Co.*, 102 R.I. 165, 229 A.2d 61 (1967), involving an idiopathic fall, clearly indicate that Rhode Island has not adopted the positional-risk doctrine regarding the compensability of employee injuries that are caused by neutral forces; rather this jurisdiction adheres to the actual-risk theory. *Dawson v. A & H Mfg. Co.*, 463 A.2d at 521 (employee's injury from a bee sting in the hallway of employer's premises not compensable). Under the actual-risk theory the burden is on the employee to show that the risk of injury, even though common to the public, was in fact a risk of his employment. 1 Larson, *The Law of Workmen's Compensation* § 6.40 at 3–6 (1985).

The record herein does not reveal any evidence that employee's coughing, which precipitated his back injury, was a specific risk of his employment. We consider our reasoning in *Zuchowski* to be applicable here. In that case, the employee was denied compensation on the ground that his injury was the result of an idiopathic fall that was not related to his employment beyond the fact that the mishap had occurred on the employer's premises. The commissioner determined that the employee's injury was deemed to have occurred as a result of an internal weakness, illness, or seizure that was personal to the employee

and unrelated to the conditions of his employment. *Zuchowski,* 102 R.I. at 173–74, 229 A.2d at 65–66.

■ Likewise, in the case at hand, employee's cough can be considered a personal, internal weakness that led to his lower back injury. The record is devoid of any evidence establishing a nexus between the employment and the injury. The risk of such an injury was totally unrelated to the conditions of his employment, and therefore, recovery is precluded.

■ We have repeatedly stated that we give a liberal interpretation to the Workers' Compensation Act. However, we cannot supply the necessary nexus between the injury and employment.[1] *Id.* at 174, 229

A.2d at 66. Furthermore, the Legislature clearly did not intend for the act to compensate every worker who is injured while at his place of employment regardless of the circumstances involved. *Id.*

The employee's appeal is denied and dismissed, the decree appealed from is affirmed, and the case is remanded to the Workers' Compensation Commission.

---

1. It is the burden of employee to establish by a fair preponderance of the evidence that the injury arose out of and in the course of his employment and was connected therewith and referable thereto.