COSIMO DISTANTE *vs.* UNITED ELECTRIC RAILWAYS CO.

APRIL 28, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J.   This cause is here on respondent's appeal from a decree of the Superior Court awarding to petitioner, Cosimo Distante, an employee of the respondent, compensation under the Workmen's Compensation Act for injuries resulting from an accident which the Superior Court found occurred while petitioner was acting in the course of and within the scope of his employment.

· The facts are undisputed.   No objection to the amount of the award is made by either party if petitioner is entitled to receive any compensation.

The accident happened October 21, 1931, about 4:30 p. m., near the corner of North Main street and Doyle avenue in the city of Providence.   Petitioner was one of a group of forty or fifty employees of respondent engaged in relaying car rails; petitioner's job was electric drilling.   Between the tracks and the sidewalk to the east, the Lane Construction Co. was building a new roadbed.   At this time the street was closed to traffic.

Respondent had established no rule as to where its employees should leave their coats during their work.   Some were accustomed to hang them on the dozen or more hooks above the company's tool box on the easterly sidewalk of North Main street; others hung their coats on a fence or elsewhere.   On the day of the accident petitioner had left his jumper and lunch basket between the two lines of rails near where he was working.   At 4:28 p. m., two minutes before the usual quitting time, he carried his

electric drill, with the help of another employee, to the tool box and started back to get his jumper and lunch box. While he was walking back he bumped into a cement mixer which was on the highway and suffered minor injuries.

Respondent contends that the accident occurred when petitioner had finished his work for the day, had ceased to be engaged in the business of his employer and when he was acting for purposes of his own. This contention cannot be sustained. It is well settled that the Workmen's Compensation Act is remedial in its nature and is to be liberally construed so as to secure compensation to an employee who is injured in the course of his employment.

At the time of the accident petitioner had not left the premises upon which his work was carried on nor had he entirely finished his employment for the day. It is true that he had ceased manual labor and had returned his drill to the tool box. However, when he was injured he was in the place where he was employed, and before leaving his work for the day he had to get his jumper which he had laid aside when beginning work.

We are of the opinion that an employee who has reported to his employer in the place appointed for him to work has a right before beginning or when finishing work to make such use of the premises as is necessary or customary in the circumstances.

In the instant case the employee violated no rule of his employer; at the time of the accident he was still acting in the course of his employment.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*O'Shaunessy & Cannon, George F. O'Shaunessy*, for petitioner.

*Clifford Whipple, Frank J. McGee*, for respondent.