GUISEPPE DI LIBERO *vs.* MIDDLESEX CONSTRUCTION COMPANY.

DECEMBER 22, 1939.

PRESENT: Flynn, C. J., Moss, Baker and Condon, JJ.

FLYNN, C. J. This is an appeal from a decree entered in the superior court granting to the petitioner certain relief under the workmen's compensation act, general laws 1923, chapter 92, as amended, being now G. L. 1938, chap. 300. The cause is before us solely upon the respondent's appeal

from that decree. The reasons of appeal allege in substance that the decree, in so far as it determined that the petitioner received personal injury by accident arising out of and in the course of his employment, was against the law and the evidence.

The transcript discloses, among other things, undisputed evidence of the following facts. The petitioner was employed as a laborer by the respondent in connection with its contract for the construction of a general water system throughout several miles of highways, which the respondent called "the Smithfield job". A part of Farnum Pike, also called Waterman avenue, and Sawin, Oakhurst, Sherwood, Elmore and Berwick streets in North Providence were all close together and comprised a comparatively small area or section of the whole job. The petitioner stopped actual work on November 28, 1936, at 4 o'clock, p. m., which was earlier than the usual closing hour, because of a sudden snowfall. About 4:10 p. m., and while on his way home from work, the petitioner fell in a trench or hole in Oakhurst street about ten feet from Sawin street. The way traveled by the petitioner in leaving his work was the one customarily used by all employees coming to and going from work in this area and was the only available way of egress from the particular section of the job where he had been working.

The transcript discloses some conflict in the evidence as to the exact place where petitioner fell, but apparently it was five or six hundred feet from where he had actually started work that day and about one thousand feet from the place where he was working when ordered by the foreman, as he testified, to stop work at four o'clock. There was also conflicting evidence as to whether the highway on Oakhurst street at that point was dug up, unfinished, and under the control of the respondent, as petitioner testified, or whether it was wholly completed, no longer under respondent's con-

trol, and then opened to use by public traffic, as evidence for the respondent tended to show. There was also evidence of other facts from which different inferences could be drawn, which will be referred to in discussing respondent's contentions. There was no evidence of actual user of this particular area, prior to the accident, by any person or vehicle other than the employees and vehicles of the respondent.

Upon all of the evidence the trial justice found substantially "that petitioner fell and received his injuries as he was leaving his place of actual work by the customary and designated course of travel; that said injuries were received within a reasonable time after the termination of his actual work; that the place where petitioner fell was within the limits of the respondent's premises; that said place was, in the circumstances, reasonably in close proximity to the place where he had actually worked; and that the accident arose out of and in the course of his employment."

The respondent contends that the finding by the trial justice that the petitioner received personal injuries by accident arising out of and in the course of his employment was erroneous as a matter of law. In support of that contention the respondent seems to argue first, that certain vital findings of fact by the trial justice are not supported by any evidence in the record and that therefore the case presents a question of law reviewable by this court; and secondly, in substance, that the petitioner did not suffer injury by accident *arising out of* and *in the course of* his employment, within the contemplation of the statute, because the evidence shows that "He was merely using the highway just as the public used it. Under no interpretation could he still be considered in the course of his employment."

The petitioner contends that the findings of fact by the trial justice complained of were based upon conflicting evidence and therefore that such findings are conclusive upon

us under chap. 300, art. III, §6, and that the requirements of the statute were otherwise fulfilled.

We have examined the evidence and the authorities cited by the parties and we are of the opinion that the decree appealed from was not erroneous as a matter of law.

The respondent argues in support of its first contention that the trial justice refused to believe the petitioner's testimony as to the exact place and manner of his fall and severely criticised, as unworthy of belief, other portions of petitioner's testimony concerning his subsequent earnings. From this it appears to argue that the trial justice was bound to disregard all of the petitioner's other testimony; and that, if this were done, the finding of fact that the particular section was unfinished and under respondent's control would not be supported by any evidence. The trial justice might have rejected the petitioner's other testimony concerning the unfinished condition and obstruction of Oakhurst street, but he was not bound to do so; and there was other evidence tending to corroborate the petitioner on those issues. This contention would require us to review findings of fact based upon conflicting evidence, whereas such findings of fact by the trial justice are conclusive under §6 of the statute.

The respondent also urges that the trial justice, in finding that this part of the job was uncompleted, not open to the public and under respondent's control, expressly relied largely upon evidence of lanterns being placed by the respondent in this particular area, but that no such evidence is to be found in the record. An examination of the transcript, however, does not bear out the respondent. It rather discloses that there was evidence from the petitioner and at least one of the respondent's witnesses to the effect that a servant and operator of the respondent's truck came up to this particular place about four o'clock that afternoon to pick up tools and to set out the lanterns in this area. That

witness, Ricardo Pesci, testified as follows: "Q. What kind of work did he do? A. Skinny was putting the lanterns out. Q. That was his job? A. Yes. Q. What was his time for putting the lanterns on? A. He started at four o'clock in the afternoon. Q. And was he putting lanterns on at four o'clock in the afternoon on November 28th? A. Yes." To this may be added testimony of another witness, Angelo Bianchi, that he tried to lift petitioner when he fell and "The same time the driver came in with the lights, and we told him to take this fellow to the office and then take him to a doctor."

Moreover, there was other evidence which could also be considered upon the issue of whether the trenches in both Oakhurst and Sawin streets were open at the time of the accident. In answer to questions by the court the petitioner testified: "Q. Was that trench open on Sawin Street? A. Yes. Q. Do you know where Sawin Street is? A. Yes. Q. You got off the bus at Waterman Avenue? A. Up a hill. Q. And then you walk along on Oakhurst Avenue? A. Where the work was. Q. In those two streets, were the trenches open? A. It was open. Q. On both streets? A. Yes."

Further it is undisputed that the grading machine, which was generally used to finish such work, was left by its operator on the job in that section that night. While the respondent explained that the street was finished and that the grader was left to do private grading nearby, yet its presence there was another fact which the trial justice could have considered, in connection with other evidence, in drawing an inference that the grading and other work in that particular area were not wholly completed. It may be noted too that the evidence for the respondent to the effect that these streets were completed on November 28th never specified any time of completion; and there appears to be no evidence that any member of the public had actually used

the streets in this particular area on that day before the petitioner fell. In view of this and other evidence and the reasonable inferences that might be drawn therefrom, it cannot be said that there was no evidence to support the trial justice's findings of fact that the trench in Oakhurst street was still open, and that this part of that street was not completed or open to the public but was still under respondent's control.

The second contention of the respondent is, in substance, that the petitioner has failed to show that the injury was from an accident *arising out of* and *in the course of* his employment within the meaning of the compensation statute. Many authorities and decided cases upon this issue have been cited by the respondent and the petitioner. These cases are not easily harmonized in all details or as to results, but they seem generally to fall into three groups.

The first group includes cases which apparently limit recovery to accidents occurring within the period of actual work. The second group includes cases which seem generally to recognize the employee's right to recover, under certain circumstances, where the accident occurs on premises owned or controlled by the employer and while the employee is going home by a usual and permitted route, and provided the other requirements of the statute are fulfilled. The cases of the third group seem to permit recovery even where the accident happens outside, but reasonably proximate to, the premises owned or controlled by the employer, if the other requirements of the statute are fulfilled.

We need not consider the first group, because the great weight of authority in this country seems to support a holding that recovery may be had even after actual work has ceased. That principle has been recognized in this state. *Distante* v. *United Electric Rys. Co.*, 53 R. I. 258. Nor do we need to consider the third group, because the evidence and findings of fact in the instant case bring it, in our opin-

ion, within the principles set forth in the cases of the second group.

From all of these cases, at least by the great weight of authority in America, it now seems well established that the protection of workmen's compensation acts is not limited by the precise moment of starting or stopping of actual work, provided the requirements of the particular statute are otherwise fulfilled; but that a petitioner must show injury from an accident *arising out of* as well as *in the course of* the employment.

The respondent, in support of its second contention, argues that the evidence here does not prove these necessary factors because it failed to show that the accident took place — "a. Within the period of employment; b. At a place where the employee may reasonably be; and, c. While he is reasonably fulfilling the duties of the employment or doing something incidental thereto." The principle above quoted from respondent's brief apparently was taken from *Ryerson* v. *Bounty,* 107 Conn. 370, where the Connecticut supreme court, in applying such a principle of law to the facts before it, reversed the trial court which had refused to permit a recovery.

If we apply the same principle to the findings of fact, which are binding upon us in the instant case, we see no reason to reverse the decree. The petitioner was, in accordance with our decision in the *Distante* case, *supra,* clearly within the period of employment, as that did not end with the precise moment of stopping actual work. It is a fair implication of his contract of employment that he be given a reasonable time to leave the employer's premises, or, as here, premises under the employer's control. He was also "at a place where the employee may reasonably be", as the trial justice found that the accident happened on the premises controlled by the respondent reasonably proximate to the place of his actual work. He was "reasonably ful-

filling the duties of the employment or doing something incidental thereto", since he was promptly going home, without deviation, along the only available route by which he could leave the premises where he had actually been working and which were under the control of the respondent. The accident therefore was clearly in the course of the employment according to the rule for which respondent contends.

The injury may be said also to *arise out of* the employment because, to use the test applied in the *Ryerson* case, *supra,* it was the result "of a risk involved in the employment or incident to it or to the conditions under which it is required to be performed." The petitioner's employment called for actual work in this area and in or upon this highway. The extent of the area or field of employment found by the trial justice to be under the respondent's control was reasonably defined and not unreasonably extended. The causative danger or hazard was not common to the public generally, as stated in many of the cases cited, but was one peculiar to the nature of the petitioner's employment, which then called for him to be in and upon the highways of this particular area, which was obstructed. The necessity of traveling on Oakhurst street to leave those premises in order to go home was a risk incidental to his employment or at least "to the conditions under which it is required to be performed." In this case, too, the trial justice had before him the petitioner's testimony that he was ordered to take this route in leaving the premises.

In these circumstances, we think that there was some evidence to support the findings of fact by the trial justice, that such findings clearly bring the instant case within the principle contended for by the respondent, and show that the petitioner suffered an injury from an accident *arising out of* and *in the course of* the employment. The decree, upon the evidence and findings of fact in the instant case,

comes also within the principles and findings in many other cases, some of which are *Stacy's Case,* 225 Mass. 174; *Roberts' Case,* 124 Me. 129; *Terlecki* v. *Strauss,* 85 N. J. L. 454; *Hager* v. *State Comp. Comm.,* 112 W. Va. 492; *Cunningham* v. *Metzger,* 258 Ill. App. 150.

For the reasons stated, the respondent's appeal is denied, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Luigi Capasso, John Quattrocchi, Jr., Joseph Capasso,* for petitioner.

*McGovern & Slattery, Fred B. Perkins, William E. McCabe,* for respondent.