THARAN M. CLARKE vs. COATS & CLARK, INC.

JANUARY 10, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ,

CONDON, C. J.   This is an original petition for workmen's compensation.   The case is here on the petitioner's appeal from a decree of the workmen's compensation commission affirming a decree of the trial commissioner denying and dismissing the petition.

The petitioner was employed as a spinner at respondent's mill on the night shift from 3 to 11 p.m.   During those eight hours there was no specified lunch period but employees were permitted to eat during the working hours whenever they found it convenient.   For this purpose respondent provided a room called the "water house" where employees were allowed to smoke as well as eat.

On May 21, 1962 at about 7 p.m., petitioner went there to eat her lunch and smoke a cigarette.   Upon finishing her smoke she bent over to dispose of the cigarette in a bucket which was provided by respondent for that purpose.   As she did so and started to get out of her chair she felt her

back snap and for five or ten minutes she was in such pain that she became dizzy and could not walk. Finally she got up and walked to her foreman and told him what had happened.

After speaking to him she went back to her work for the four hours remaining of the shift. However, she testified that she could not bend and do all of the duties of her job and that the foreman told her to do what she could. She did not work the next day and has not worked since. At the time of the hearing before the trial commissioner she was still undergoing medical treatment for her back.

The respondent's foreman, Edward C. Millard, testified that she did not talk to him until sometime between 9:30 and 10 o'clock and that all she said was that she had a sore back and wanted someone to help her sweep. He testified further that she had never reported to him that she had injured her back at the plant. However, the full commission apparently accepted petitioner's testimony since they state in their decision: "After she had smoked the cigarette, she bent over backwards in order to dispose of the cigarette and while bending over backwards, experienced a snap in her back. She immediately informed her foreman about the incident."

After accepting her version of the incident the commission nevertheless concluded in upholding the findings in the trial commissioner's decree that she had not sustained a back injury which arose out of and in the course of her employment, connected therewith and referable thereto, and also that her incapacity for work on and after May 22, 1962 was not due to such an injury. Hence the only question raised for our determination by petitioner's appeal is whether the commission erred in finding on the evidence before them that there was no nexus between her injury and her employment.

The petitioner contends that the commission was clearly in error because the uncontradicted evidence shows that

her injury arose out of the nature, conditions, obligations or incidents of her employment. She argues that her presence in the "water house" eating her lunch and smoking was in the nature of a condition of her employment and more particularly her bending over to deposit the cigarette in the bucket provided by respondent therefor was incidental thereto. Therefore she concludes that the resulting injury must be deemed to have arisen out of and in the course of her employment and that it was connected therewith and referable thereto.

In support of her position she cites *Palmer* v. *Friendly Pharmacy, Inc.*, 84 R. I. 98, and *Corry* v. *Commissioned Officers' Mess (Open)*, 78 R. I. 264. She also relies on several cases from other jurisdictions, but we see no need to refer to them for guidance in deciding the issues in the case at bar since our own cases furnish ample assistance. We are thoroughly familiar with the facts in *Palmer* and *Corry*, but we have re-examined them in the light of petitioner's reliance thereon. Our re-examination has confirmed our recollection that in neither were the facts like those in the instant case.

In *Palmer* there is no resemblance. The petitioner in that case was injured while actually performing the duties of her employment. The only question at issue was whether her work was the efficient cause of her injury or whether a pre-existing disease was such cause. We held that her work was a contributing cause and that it was not necessary to show that it was the proximate cause. From the viewpoint of both law and facts *Palmer* is a far cry from the case at bar.

In *Corry* there is a superficial resemblance in some of the facts to those here. There as here the employee was not attending to any duty of her employment when she was injured. Like the instant petitioner she had, after starting her work, left it temporarily during the working period. It

appeared that she did not feel "too good" and stepped out on a nearby terrace for "a little bit of fresh air." It further appeared that employees could take a rest period at any time and that the terrace was customarily used for such purpose. The employer was aware of and approved this custom. At the outer edge of the terrace there was a drop of over 40 feet. Around the edge was a railing 35 inches high. As the employee was near the railing she blacked out and fell over the edge to the ground below.

Under the workmen's compensation act at that time these circumstances posed the question whether the employee's fall was an accident arising out of and in the course of her employment. We held that it was, largely because of one circumstance which in the opinion of the court was particularly significant with reference to the question of causal relation. At page 269 of our opinion we noted that significance as follows: "The dangerous condition of respondent's premises permitting such a drop from the terrace to the ground was in the circumstances a special risk to which petitioner was exposed in connection with and as an incident of her employment or the conditions under which it was performed."

In the instant case there is no circumstance of a similar nature. The petitioner seeks to establish a nexus between her employment and her injury on the strength of the following facts. She argues this point in her brief by stressing that in bending over to put the cigarette in the bucket provided therefor by the respondent she was in fact performing an act which was an incident of her employment, a benefit for her employer, and something it wanted done to prevent a fire hazard to its plant. The argument is ingenious but not convincing. It is stretching credulity to the breaking point to infer from those simple facts a causal relation between petitioner's injury and her employment.

Obviously her case clearly lacks any circumstance of sub-

stantial significance that would bring it within the orbit of *Corry*. Indeed if in that case the dangerous condition of the terrace railing were absent and the petitioner there had merely fallen to the ground of the terrace, she would have been in the precise situation of the instant petitioner. It is the presence of that one circumstance which made all the difference in her favor. Her blacking out and falling even though on the employer's premises and during working hours would have been insufficient to establish a nexus between her employment and her injury.

In our opinion the instant case is more nearly akin to *Fossum* v. *George A. Fuller Co.*, 70 R. I. 191, and *Perri* v. *Scott Testers, Inc.*, 84 R. I. 91. In *Fossum* the petitioner's decedent had left his desk and was smoking a cigarette near the door of his place of employment when he was fatally stricken with a heart attack. Although this occurred on the employer's premises during working hours we held that in the absence of evidence of a condition of the place of employment or of any other circumstance incidental to his work there was no causal connection between his employment and his death.

In *Perri* the facts were even more closely akin to those in the instant case. There the petitioner while reading a newspaper on the employer's premises during the lunch hour injured his shoulder in the act of reaching to switch on an electric light above his head. We held the facts did not establish a nexus between his employment and his injury.

After a careful consideration of all of our cases cited by the petitioner, including those which we have not discussed here, we are of the opinion that the commission did not err in finding that the petitioner had failed to prove causal relation between her employment and her injury.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded

to the workmen's compensation commission for further proceedings.

*Edward I. Friedman, Howard I. Lipsey,* for petitioner.

*Hinckley, Allen, Salisbury & Parsons, Thomas J. Hogan, Thomas D. Gidley,* for respondent.