215 A.2d 229.

MACEY LIMA *vs.* WILLIAM H. HASKELL MANUFACTURING COMPANY.

DECEMBER 13, 1965.

PRESENT: Roberts, Paolino and Joslin, JJ.

JOSLIN, J. This is an original petition for workmen's compensation. It is here on the employee's appeal from a decree of the workmen's compensation commission, entered over the dissent of one commissioner, affirming a decree of the trial commissioner which denied and dismissed the petition on the ground that the petitioner had failed to prove by a fair preponderance of the evidence that the injury sustained arose out of and in the course of his employment.

There is no substantial dispute on the facts. Although his work day did not commence until 7 a.m. and notwithstanding that a plant rule prohibited employees from punching in on the time clock prior to 6:45 a.m., petitioner, a long-time employee of respondent, was accustomed to arrive at his employer's premises each working day between 6:30 and 6:45 in the morning. On May 31, 1963 he entered the plant at about 6:37 a.m. and at approximately 6:40 a.m., as he was making his way toward a table near his work

station with the intention of depositing his lunch there, he stepped on a bolt on the floor and twisted his knee.

At issue is whether application of the "going-and-coming rule" will exclude petitioner from the benefits of the compensation act. Under that rule it is held that an injury does not arise out of and in the course of employment if sustained by an employee either while going to or coming from his place of work, *Peters* v. *Bristol Mfg. Corp.*, 94 R. I. 255, or while on his employer's premises before the commencement or after the completion of his day's work. See *Distante* v. *United Electric Rys.*, 53 R. I. 258. The courts, recognizing that the rule was arbitrary as well as unjust, were quick to find that the circumstances of a case often justified an exception. 8 Schneider, Workmen's Compensation (perm. ed. 1951) §1710, p. 7. This is true in this state where we do not deny relief merely because the injury occurs off the premises or at a time other than during an employee's regular working hours, but instead we examine the particular facts and circumstances of each case, *Peters* v. *Bristol Mfg. Corp., supra,* in order to ascertain whether they establish a nexus, *Tromba* v. *Harwood Mfg. Co.*, 94 R. I. 3, *Peters* v. *Bristol Mfg. Corp., supra,* or a causal relationship, *Clarke* v. *Coats & Clark, Inc.*, 97 R. I. 163, 196 A.2d 423, between the injury and the employment. In our search for the "nexus" or "causal relationship" we apply the criteria first suggested in *DiLibero* v. *Middlesex Construction Co.*, 63 R. I. 509, and many times since reiterated, *Nowicki* v. *Byrne,* 73 R. I. 89, *Corry* v. *Commissioned Officers' Mess (Open)*, 78 R. I. 264, *Palmer* v. *Friendly Pharmacy, Inc.*, 84 R. I. 98, *Sullivan* v. *State,* 89 R. I. 119, *Grassel* v. *Garde Mfg. Co.,* 90 R. I. 1, and we initially attempt to ascertain whether the injury occurred within the period of employment at a place where the employee might reasonably have been and while he was either reasonably fulfilling the duties of his employment or doing something incidental thereto or to the conditions under which those duties were to be performed.

Once we find that *DiLibero* standards are met, we depart from the "going-and-coming rule" and conclude that the injury arose out of and in the course of employment, that it was incidental to the employer-employee relationship, and that the injured worker is entitled to compensation benefits.

Turning now to this case, were it not for the employment practice restricting the right of employees to punch in prior to 6:45 a.m., we would in the circumstances here present unhesitatingly find that the period of petitioner's employment included the twenty-minute interval preceding starting time and that the deposit of his lunch on a table customarily used by him and other employees for that purpose was incidental to his duties. *Distante* v. *United Electric Rys., supra.* Nor are we dissuaded from that conclusion by the employer's rule prohibiting its employees from punching in until fifteen minutes before the beginning of the working day. That regulation is without significance, not only because it stands alone without either testimonial explanation or an evidentiary link to a rule, custom or usage governing the time at which employees were permitted entry on respondent's premises, but also for the additional reason that the uncontradicted evidence is that petitioner customarily arrived on the premises "anywhere from half past six to a quarter of seven." On these particular facts and circumstances it is clear in our judgment that petitioner was injured within a reasonable interval before the commencement of his working hours and while he was engaged in doing something incidental to his duties.

It remains only to determine whether the injury occurred at a place where petitioner might reasonably have been expected to be at the time of his injury. The petitioner testified that he did not see the bolt on the floor because the lights in the premises, other than in the main aisle, were out. Such testimony is all that the record contains on the

subject matter of the illumination of respondent's premises. It is silent as to the time when the employer customarily illuminated its entire plant, or as to whether the condition which prevailed on the morning of the injury was the usual or the unusual. The petitioner, notwithstanding that he had been employed by respondent for more than fifteen years, failed to fill the testimonial gap.

In the face of so skimpy and scant a record, and notwithstanding the petitioner's entitlement to a liberal interpretation of the permissible area to which his employment status extends, *Tromba* v. *Harwood Mfg. Co., supra*, it was both permissible and reasonable for the majority of the commission to draw the inference that the petitioner at the time of his injury was at a place on the premises where at that particular time he had no right to be and where his employer could not with reason have expected him to be. That the record could fairly and logically have yielded to a contrary inference is of no concern because the fact-finding power which includes the right to draw inferences is in the commission. Our role is limited to inquiring whether the inference drawn was reasonable. *Cruso* v. *Yellow Cab Co.*, 82 R. I. 158. We have found that it was. Once it was in the case, it became the evidentiary foundation upon which a majority of the commission rested their decision that the petitioner had failed to establish a nexus or causal relationship between his injury and employment. Because their conclusion is supported by competent evidence we affirm.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

MOTION TO REARGUE.

DECEMBER 23, 1965.

PER CURIAM. After our opinion in the above cause was

filed, the petitioner by permission of the court presented a motion for leave to reargue setting forth therein certain reasons on which he bases his contention that justice requires a reargument.

' We have carefully considered those reasons and are of the opinion that they suggest nothing which in the circumstances warrants a reargument.

Motion denied.

*Abedon, Michaelson & Stanzler, Richard A. Skolnik,* for petitioner.

*Vincent J. Chisholm,* for respondent.