274 A.2d 753.

YVONNE BERGERON *vs.* KILNIC COMPANY.

MARCH 19, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is an employee's original petition for compensation under the Workmen's Compensation Act. The petition was heard by a trial commissioner, who found "That the petitioner has failed to prove by a fair preponderance of the reasonable evidence that she sustained any injuries on July 14, 1969, arising out of and in the course of her employment with the respondent, connnected therewith and referable thereto." He then denied and dismissed the petition. The petitioner appealed from this decree to the full commission, which on June 15, 1970, entered a final decree in which it affirmed the findings of fact and orders contained in the decree entered by the trial commissioner on April 28, 1970. From that decree the petitioner has appealed to this court.

It is not disputed that petitioner had been employed by respondent for about eight years. On July 14, 1969, petitioner, following her usual custom, punched out her card and left the premises where she performed her work to go across the street to her home for lunch. Neither is it disputed that the employer was a tenant of the second floor of a building in Woonsocket where it conducted a business. It is not contradicted that the only place of ingress to and egress from respondent's premises for the use of its employees was a staircase descending from the second floor to the first, where it opened on to a platform used for deliveries and access to the building. This platform is a few feet wide and several feet long, from the end of which several steps descend to a driveway which extends along the side of the building. The petitioner testified without contradiction that it had been a long-continued practice to make use of this route to leave the premises where she was employed and that her employer knew of and consented to such use of the stairway, the platform, and the driveway in coming to work and going from work. There is, however, no evidence in the record as to the extent of respondent's control over the driveway, if any.

It further appears that on that day petitioner, along with two other employees, had descended from the platform and was walking along the driveway beside the building. This driveway extends for several feet and debouches into Avenue C, a public highway in Woonsocket. When petitioner had taken several steps into the driveway, she slipped and fell and claims to have injured her back or spine.

It is clear, then, that the uncontradicted and unimpeached testimony discloses that there was but one route for entering or leaving the employer's premises. This was to use the stairway, the platform and the driveway alongside the building to reach the public highway. She further

testified that after she fell she went home and, despite her intense pain, reported back to work at 12:30 p.m. However, at about 1:45 p.m. the pain in her back compelled her to leave her work.

By virtue of statute the finding of the commission is, in the absence of fraud, conclusive upon the Supreme Court, if in the record there is any competent legal evidence from which such finding could properly be made. *McDonald* v. *John J. Orr & Son, Inc.*, 94 R. I. 428, 181 A.2d 241; *Jacob* v. *Moshassuck Transportation Co.*, 84 R. I. 514, 125 A.2d 184. However, in the instant case the evidence is uncontradicted and unimpeached and, as indicated in *Corry* v. *Commissioned Officers' Mess (Open)*, 78 R. I. 264, 81 A.2d 689, we are not here dealing with a finding of fact but with the legal effect of uncontradicted and unimpeached evidence not inherently improbable as to whether petitioner's injury arose out of and in the course of employment within the meaning of the statute. *Boullier* v. *Samsan Co.*, 100 R. I. 676, 219 A.2d 133.

This is not a case where the employee sustained her injury on a public way while going from her employment. The factual situation presented here is undisputed. The employee, going to lunch, left the premises of her employer, using a route to reach a public way that has been customarily followed by her and other employees for a period of at least seven years, which fact was known to her employer. She slipped and was injured in the driveway between the platform and the street. The query is, then, whether as a matter of law the employee sustained an injury in the course of her employment in the factual situation. See *Lima* v. *William H. Haskell Mfg. Co.*, 100 R. I. 312, 215 A.2d 229. Such a case is to be treated like cases where the injury occurs on a public way. That is, the decision must be made in the light of the particular facts and circumstances in each case. In *Lima* we noted the

well-established general rule that a nexus or a causal connection must be established between the injury and the employment to render such injury compensable. In that case we said at 314, 215 A.2d at 230: "* * * and we initially attempt to ascertain whether the injury occurred within the period of employment at a place where the employee might reasonably have been and while he was either reasonably fulfilling the duties of his employment or doing something incidental thereto or to the conditions under which those duties were to be performed." We then went on to say that, once the standards established in *Di Libero* v. *Middlesex Construction Co.,* 63 R. I. 509, 9 A.2d 848, are met, we depart from the "going-and-coming rule" and conclude that the injury was sustained during the period of employment, that it was incidental to the employer-employee relationship and that, therefore, the injured worker is entitled to compensation benefits.

In *Di Libero,* it is true, the area in which the employee was injured was concededly under the control of the employer. In the instant case there is no evidence as to the extent to which the employer controlled the driveway, if any. In our opinion, however, the question of control over the place of the injury is not conclusive of compensability in these cases. It is merely one of the facts or circumstances to be considered on the issue of whether the injury was sustained in the course of the employee's employment. The absence of proof of such control in the employer is not conclusive on the issue of compensability.

What we said in *Lima,* as it relates to the instant case, is that we must find first whether the injury occurred during the period of employment. There is no question but that it did in the instant case. In *Di Libero* at 516, 9 A.2d at 851, we held that an employee's period of employment does not terminate immediately at the end of the prescribed working period but that a reasonable time is allowed to

enable an employee to leave the premises in which he was employed. There is no question in this case but that petitioner, at the close of her prescribed work period, was engaged in a bona fide attempt to leave the employer's premises within a reasonable time. Therefore, she was injured within the period of employment.

In *Di Libero* we further held that we must also find that the employee was at a place where he might reasonably have been and that he was doing something incidental to his employment. That petitioner had a right to use the driveway to leave the employer's premises is beyond question. Finding that, we would have established a nexus between the employment and the injury, and the injury would be compensable.

That the employee here was doing something incidental to her employment is to be concluded from our decision in *Fontaine* v. *Tupper Co.*, 94 R. I. 111, 178 A.2d 452. In that case the employee left her place of employment and crossed a public way to a parking lot maintained by her employer, where she found that her car was inoperable. Following a customary procedure, she returned to the plant to seek the assistance of a mechanic on duty and while there fell and was injured. She had returned to seek the aid of the mechanic in starting her car and this, the evidence established, was a customary practice among the employees. What we stated there was that her return to the building for assistance in starting her car would be an incident of her employment, if she did so by reason of a long-standing practice of which her employer had knowledge.

In the instant case it is uncontradicted that it was long the practice of the employee to go to lunch along the route hereinbefore described, using the driveway to reach the public street. It is uncontradicted that it is also the only route by which she could leave the building and reach the public way and that the employer was cognizant of this

practice. In these circumstances we are constrained to find as a matter of law that the employee was injured during the period of her employment, at a place she had a right to be, while doing something that was an incident of her employment and that, therefore, her injury arose out of and in the course of her employment and is compensable. It is our conclusion, then, that this case should be remitted to the Workmen's Compensation Commission for further hearing and decision on the issues raised by her petition.

The appeal of the petitioner is sustained, the decree appealed from is reversed, and the case is remitted to the Workmen's Compensation Commission for further proceedings in accordance with this opinion.

*Gunning & LaFazia, V. James Santaniello,* for petitioner.

*Keenan, Rice, Dolan & Reardon, H. Eliot Rice,* for respondent.