292 A.2d 226.

VIVIAN LUSSIER *vs.* AMERICAN TEXTILE COMPANY.

JUNE 29, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is an employee's original petition for compensation under the provisions of the Workmen's Compensation Act, G. L. 1956 (1968 Reenactment) chap. 29 of title 28. The petition was heard by a trial commissioner, who thereafter found that the petitioner had failed to prove by a fair preponderance of the evidence that she had sustained injuries "* * * which arose out of or were sustained in the course of her employment with the re-- spondent, or was [sic] connected therewith or was [sic] referable thereto." The trial commissioner also found that at the time she sustained the injuries "* * * petitioner was not reasonably fulfilling the duties of her employment, or doing something incidental thereto." Subsequently, on the petitioner's appeal from the decree of the trial commissioner, the full commission affirmed the decree of the trial commissioner, and the petitioner is now prosecuting an appeal from that decree in this court.

The record discloses that on June 2, 1970, petitioner was employed by respondent, American Textile Company, as a machine operator. It further appears that petitioner and other employees of respondent had assembled on the rear platform of the employer's premises for their afternoon coffee break. During the period of the coffee break, petitioner was reminded that a rabbit had been trapped in a loading well six feet in depth and located some 20 feet away from the area in which the employees had gathered for the coffee break.

The petitioner, then and there deciding to attempt to extricate the trapped animal, went to the loading well and, using a chair she had brought with her, started to descend into the well. While so doing, she fell and fractured bones in both of her feet. There was some uncontradicted testimony given by her fellow employees to the effect that she had been cautioned not to attempt to descend into the

well, and it is not disputed that her immediate supervisor had directed her not to attempt to retrieve the animal.

It is to be noted, as we stated in *Bergeron* v. *Kilnic Co.*, 108 R. I. 313, 274 A.2d 753 (1971), that in this case the evidence is uncontradicted and unimpeached. We are not dealing with findings of the commission which are conclusive upon us in the absence of fraud. In this situation we are concerned with the legal effect of uncontradicted and unimpeached evidence as to whether petitioner's injury arose out of and in the course of employment within the meaning of the statute.

The critical and, we think, controlling issue in this case is whether petitioner's injuries were sustained in the performance of duties arising out of the nature of her employment or the conditions under which it is required to be performed, or by reason of doing something that is an incident of her contract of employment. *Tromba* v. *Harwood Mfg. Co.*, 94 R. I. 3, 177 A.2d 186 (1962). We have repeatedly held that in every case it is essential that petitioner establish a nexus between the employment and the injury.

In *Lima* v. *William H. Haskell Mfg. Co.*, 100 R. I. 312, 215 A.2d 229 (1965), we noted the well-established rule that a nexus or causal connection must be established between the injury and the employment to render the injury compensable. In that case we said at 314, 215 A.2d at 230: "* * * we initially attempt to ascertain whether the injury occurred within the period of employment at a place where the employee might reasonably have been and while he was either reasonably fulfilling the duties of his employment or doing something incidental thereto or to the conditions under which those duties were to be performed."

Applying these tests to the undisputed evidence, it might well be conceded that petitioner sustained her injuries during the period of her employment and even that they were

sustained at a place where she might reasonably have been. Obviously, nothing in the evidence would indicate that the employees were restricted to the platform at the rear of the plant during the coffee break.

However, it would be totally unrealistic to infer from the undisputed evidence that petitioner was engaged in reasonably fulfilling the duties of her employment or, for that matter, doing something incidental thereto. Neither can it be reasonably inferred that she was doing something incidental to the conditions under which her duties were to be performed. However humane the motives of petitioner might have been, it would be irrational to conclude that there was a causal connection between her employment or her enjoyment of a coffee break and her attempt to extricate the trapped animal from the well. In other words, the evidence clearly discloses that petitioner was intentionally and voluntarily engaging in an activity that was not causally connected with her employment or related to anything incidental to the performance of her duties or the conditions under which they were to be performed.

We are unable to agree with the petitioner's contention that this case comes within the purview of cases in which compensation has been granted to employees who have been injured while aiding persons in distress. It would appear that in cases following that concept the rescue attempt arose during the course of the employment and usually involved a fellow employee or a customer. Davis, *Workmen's Compensation*, 33 Am. Trial Lawyers J. 140, 167-69 (1970).

The appeal of the petitioner is denied and dismissed, and the decree appealed from is affirmed.

*Pearlman & Pearlman, Alan H. Pearlman,* for petitioner.

*Francis V. Reynolds, Bernard W. Boyer,* for respondent.