Robert BOTTOMLEY

v.

KAISER ALUMINUM & CHEMICAL CORPORATION.

No. 80–54–Appeal.

Supreme Court of Rhode Island.

Feb. 19, 1982.

Raul L. Lovett, Lauren E. Jones, Providence, for petitioner.

Quinn, Cuzzone, Geremiá & Pennacchia, Bruce Q. Morin, Providence, for respondent.

## OPINION

BEVILACQUA, Chief Justice.

This is an employee's original petition for compensation under the Workers' Compensation Act. The trial commissioner denied and dismissed the petition. The full commission affirmed that decree. The case is before us on appeal from the decree of the full commission.

The facts are not in dispute. The employee worked on the 7 a. m. to 3 p. m. shift as a sweeper-cleaner, responsible for emptying waste baskets, cleaning men's rooms, and mopping floors. Each day, after completing his regular duties, but before punching out and leaving the premises, he would go to the main locker room provided by his employer and change his clothes. While so engaged on a rainy August 7, 1978, the employee bent over to put on his rubbers and injured his back. He punched out and, upon arriving home, made an appointment to see his family doctor, Dr. Peter J. Sansone, that same afternoon. As a result of the injury the employee was unable to return to work until September 6, 1978.

The employee filed the instant petition seeking benefits for the period during which he did not work. The trial commissioner convened a hearing on the petition, at which Dr. Sansone testified that he had examined the employee on August 7, 9, 11, 21, 24, and 31. Relying on these examinations, Dr. Sansone concluded that the injury sustained on August 7, 1978, had totally disabled the employee.

The trial commissioner found that the employee failed to prove by a fair preponderance of the evidence that his injury arose out of and in the course of his employment and that at the time of the injury the employee was not fulfilling the duties of his employment or doing anything incidental thereto. The full commission affirmed the trial commissioner's decree.

General Laws 1956 (1979 Reenactment) § 28–33–1 provides that an injured worker is entitled to receive compensation for injuries that arise "out of and in the course of his employment, connected therewith and referable thereto * * *." Thus, the sole issue presented is whether the commissioner erred in holding that the employee failed to prove that his injury arose out of and in the course of his employment.

The employee contends that because the accident occurred both before he had punched out for the day and as he was changing from his work clothes to his street clothes in the locker room provided by his employer for that purpose, his injury arose in the course of his employment and was causally connected thereto. The employer asserts that because the employee had terminated his employment when he completed his daily duties and was acting on his own behalf when the accident took place, the injuries arose outside the course of his employment.

■ We consider it well settled that an employee's injury is compensable if the particular facts and circumstances presented establish a "nexus" or a "causal relationship" between the injury and the employment. *Beauchesne v. David London & Co.,* 118 R.I. 651, 375 A.2d 920 (1977); *Knowlton v. Porter Trucking Co.,* 117 R.I. 28, 362 A.2d 131 (1976); *Lima v. William H. Haskell Manufacturing Co.,* 100 R.I. 312, 215 A.2d 229 (1965); *Perri v. Scott Testers, Inc.,* 84 R.I. 91, 121 A.2d 644 (1956). To establish such a nexus or causal relationship, the employee must show that his injury occurred within the period of his employment, at a place where he might reasonably have been, and while either fulfilling the duties of his employment or doing something incidental thereto or to the conditions under which those duties were to be performed. *Beauchesne v. David London & Co., supra; Carvalho v. Decorative Fabrics Co.,* 117 R.I. 231, 366 A.2d 157 (1976); *Montanaro v. Guild Metal Products, Inc.,* 108 R.I. 362, 275 A.2d 634 (1971); *Lima v. William H. Haskell Manufacturing Co., supra.*

■ Whether or not the claimant has met his burden is a mixed question of law and fact. *DeNardo v. Fairmount Foundries Cranston, Inc.,* R.I., 399 A.2d 1229 (1979). This court is bound by the commission's

findings regarding the facts surrounding the accident, and it reviews those findings only to determine if the record contains competent legal evidence in support thereof. We have said, however, that if the facts as found lead only to one permissible conclusion, then the question of whether the injury arose out of and in the course of the employment will be treated as a question of law. *Id.* 399 A.2d at 1234.

In the instant case the facts are not in dispute. When injured, the employee was at a place where he was authorized to be in fulfilling his duties, and he was changing his clothes, which was customary prior to leaving the premises.

This court has long recognized that the period of employment includes a reasonable interval before work starts and after work is completed. *See; e.g., Montanaro v. Guild Metal Products, Inc.,* and *Lima v. William H. Haskell Manufacturing Co.,* both *supra; Di Libero v. Middlesex Construction Co.,* 63 R.I. 509, 9 A.2d 848 (1939); *Distante v. United Electric Railways,* 53 R.I. 258, 165 A. 772 (1933). We have also recognized that the duties of employment and those activities incidental thereto include many activities customary at the place of employment which benefit the employee or further his personal comfort. *See, e.g., DeNardo v. Fairmount Foundries Cranston, Inc.,* and *Beauchesne v. David London & Co.,* both *supra; Boullier v. Samsan Co.,* 100 R.I. 676, 219 A.2d 133 (1966); *Lima v. William H. Haskell Manufacturing Co., supra.*

Thus, our decisions are consistent with the well-accepted principles that the course of employment, for employees having a fixed time and place of work,

"embraces a reasonable interval before and after official working hours while the employee is on the premises engaged in preparatory or incidental acts," (footnote omitted) 1A Larson *Workmen's Compensation Law* § 21.60 at 5–36 (1979),

and

"embraces all activities connected with changing clothes before and after work, including * * * actually changing clothes * * *." (Footnote omitted.) *Id.* § 21.61 at 5–42–43.

In *Distante v. United Electric Railways,* this court held that a worker injured while retrieving his clothing and preparing to leave his place of employment is entitled to compensation. We stated:

"At the time of the accident petitioner had not left the premises upon which his work was carried on nor had he entirely finished his employment for the day. It is true that he had ceased manual labor * * *. However, when he was injured he was in the place where he was employed, and before leaving his work for the day he had to get his jumper which he had laid aside when beginning work.

"We are of the opinion that an employee who has reported to his employer in the place appointed for him to work has a right before beginning or when finishing work to make such use of the premises as is necessary or customary in the circumstances.

"In the instant case the employee violated no rule of his employer; at the time of the accident he was still acting in the course of his employment." *Distante,* 53 R.I. at 260, 165 A. at 772.

The commission, by ruling that the employee departed from his duties when he sat down to put on his rubbers prior to punching out, held that he was not justified in putting on a part of his wearing apparel. In view of the foregoing authorities it is, however, apparent that changing attire during, before, or after termination of services is incidental to the duties of employment, and thus, the employee's injury is directly related to his employment. We hold, therefore, that the employee's injury arose out of and in the course of his employment, was connected therewith, and referable thereto.

The employee's appeal is sustained, the decree appealed from is reversed, and the matter is remanded to the Workers' Compensation Commission for further proceedings consistent with this opinion.