Gina PALLOTTA

v.

FOXON PACKAGING CORPORATION.

No. 81–297–Appeal.

Supreme Court of Rhode Island.

June 15, 1984.

Thomas M. Bruzzese, Russell Sicard, Coffey, McGovern, Noel, Novogroski & Neal, Ltd., Providence, for plaintiff.

Eldridge H. Henning, Jr., Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is an original petition for compensation under the Workers' Compensation Act. It is before us on the employee's appeal from a decree of the full commission affirming the decree of the trial commission denying and dismissing the employee's petition.

The facts are not in dispute. The record discloses the following evidence. Gina Pallotta, hereinafter referred to as the employee, was employed by the Foxon Packaging Corporation, hereinafter referred to as the employer on July 20, 1978, as a press operator. On this day, she punched out for lunch and left through the exit on the west side, the only way to leave the building. She then went to the store across the street, purchased something to eat and returned by means of a driveway located between the employer's building and that of the neighboring owner, Wal-Kar Engraving Company. The employee sat down to eat her lunch approximately six feet away from the entrance to the employer's building. After finishing her lunch, she spoke with a friend. At this time, some company employees were playing baseball, and she was struck on the head by a ball thrown by another employee.[1] The employee testified that she and other employees ate their lunches in the parking area located directly behind Wal-Kar. She stated that it was customary for employees to eat their lunches and take their coffee breaks in this area, and that the employer had knowledge of this fact. She also testified that she was not paid during her lunch break but that she did receive compensation for coffee breaks. After the incident she returned to work, reporting the accident to the plant manager.

The employee, upon advice of the plant manager, was taken to Roger Williams Hospital. She was examined by Dr. Manoel Falcao, who prescribed treatment.

The doctor stated that as a result of the injury, the employee was totally disabled.

The trial commissioner denied and dismissed the employee's petition, making the following findings of fact:

"[T]here was no evidence presented by the petitioner that the passageway between the two (2) buildings was under the control of the respondent nor was there any testimony the respondent had control or joint control over the area where the petitioner was sitting when she was struck by the ball, namely, on the property of Wal-Kar Engraving Co. " * * *

"After a review of all of the evidence, I do not feel the petitioner has established a nexus or causal relationship between the injury and her employment to render the injury compensable; nor that the incident bore some relationship to her employment."

He further stated that

"1. The petitioner has failed to prove by a fair preponderance of the credible evidence that on or about July 20, 1978 the petitioner sustained a personal injury to her cervical spine which arose out of and was sustained in the course of the petitioner's employment with the respondent or was connected therewith or referable thereto.

"2. The petitioner has failed to prove by a fair preponderance of the credible evidence that any incapacity for work which petitioner had subsequent to July 20, 1978 was due to the injury sustained on July 20, 1978, which injury arose out of and in the course of the employee's employment with the employer."

The full commission affirmed the decree of the trial commission, holding that the employee failed to prove that the injury arose out of and in the course of the employment, was connected therewith, or was referable thereto.

---

1. It is disputed whether she had been playing ball earlier. Although the employee denied any participation, the employer introduced evidence that the employee was involved in the ball throwing that preceded her injury.

The sole issue to be considered is whether the employee sustained an injury out of and in the course of her employment. In addressing this issue, the employee argues that the laws of this jurisdiction disregard any rigid "premises" or "off-premises" test, and that all the facts and circumstances must be considered.

In order to recover for injuries sustained, a worker must establish that the injury arose out of and in the course of the employment. *Knowlton v. Porter Trucking Co.*, 117 R.I. 28, 30, 362 A.2d 131, 133–34 (1976); *Di Libero v. Middlesex Construction Co.*, 63 R.I. 509, 515, 9 A.2d 848, 850 (1939). It is well established that an injury is compensable if a nexus or causal connection can be shown to exist between the injury and the employment. *Bergeron v. Kilnic Co.*, 108 R.I. 313, 316–17, 274 A.2d 753, 755 (1971); *Long v. Gorham Corp.*, 100 R.I. 711, 715, 219 A.2d 214, 216 (1966); *Lima v. William H. Haskell Manufacturing Co.*, 100 R.I. 312, 314, 215 A.2d 229, 230 (1965).

In determining the right to compensation, we do not solely consider the place where the injury was sustained, although a causal connection or nexus is established if the employee can show that his injury occurred within the period of his employment, at a place where he might reasonably have been. *Lomba v. Providence Gravure, Inc.*, 465 A.2d 186, 188 (R.I.1983); *Bottomley v. Kaiser Aluminum & Chemical Corp.*, 441 A.2d 553, 554 (R.I.1982). To be compensable, the incapacity must result from an injury sustained by the employee in performing an activity that fulfills the duties of employment or is something incidental thereto or to the conditions under which those duties are to be performed. *Tromba v. Harwood Manufacturing Co.*, 94 R.I. 3, 9, 177 A.2d 186, 188 (1962).

It is well established that in workers' compensation cases, the findings of fact of the commission are conclusive absent fraud. On review our function is to ascertain whether there is competent legal evidence to support the findings of the commission. *Zuchowski v. United States Rubber Co.*, 102 R.I. 165, 169, 229 A.2d 61, 63 (1967). We further consider it well settled that the question of whether or not the claimant has met the burden of showing that the injury arose out of his employment is a mixed question of law and fact. *Bottomley v. Kaiser Aluminum & Chemical Corp.*, 441 A.2d at 554; *DeNardo v. Fairmount Foundries Cranston, Inc.*, 121 R.I. 440, 443–44, 399 A.2d 1229, 1232 (1979).

The employee relies on the case of *Bergeron v. Kilnic Co.*, 108 R.I. 313, 274 A.2d 753 (1971). That case is distinguishable from the case at bar. In *Bergeron*, the employee was injured on a driveway when she was returning to work after eating her lunch. It was uncontroverted that the only manner of entering the place of employment was by means of this driveway. The employer did not provide a dining area and knew of the employee's practice of going home to eat her lunch. This court held as a matter of law that the employee was injured during the period of employment, at a place where she had a right to be, while doing something that was incidental to her employment and that, therefore, her injury arose out of and in the course of her employment. *Id.* at 319, 274 A.2d at 756.

In the instant case, the facts are not in dispute. The employee was on her lunch break, which was unpaid. There is no evidence in the record to show that the employee in any way benefited her employer during her lunch break while on the premises of the adjoining owner. It was incumbent upon the employee to establish a link between the injury and the conditions of employment. This she failed to do. The record is completely devoid of any evidence that she was, during her lunch break, carrying out any duties of employment.[2]

---

2. We further agree with the principle that

"in connection with the personal comfort cases: eating, resting, and the like do indeed

The employee's appeal is denied and dismissed, and the decree appealed from is affirmed.

improve the efficiency of the employee, but this is equally true (and even more true) of the sleeping and eating which he does at home. * * * [S]ome arbitrary time and space limitations must circumscribe the area within which the 'benefit' establishes work-connec- tion * * * *otherwise there is no stopping point which can be defined short of complete coverage of all the employee's [lunch time] activities."* (Emphasis added.) 1A Larson, *Workmen's Compensation Law,* § 22.30 at 5–116–17 (1982).