**Richard KESSON**

v.

**ANTHONY'S SEAFOOD, INC.**

**No. 84–394–M.P.**

Supreme Court of Rhode Island.

Jan. 15, 1987.

Raul L. Lovett, Marc Gursky, Lovett Scheffrin & Gallogly, Providence, for petitioner.

Vincent J. Chishold, Howard L. Feldman, Chishold & Feldman, Providence, for respondent.

## OPINION

MURRAY, Justice.

This case is before the court on our grant of certiorari to review a decision of the Workers' Compensation Appellate Commission, denying compensation benefits to the employee, Richard Kesson for an alleged job-related back injury.

On the morning of July 6, 1981, Richard Kesson, a truck driver for Anthony's Seafood, Inc., injured his back while drinking a cup of coffee outside his employer's premises. The injury occurred when employee turned to speak with a fellow employee while sitting on a telephone pole that was lying on the ground. He felt a sharp pain in his back and was eventually taken to Newport Hospital.

The employee filed a petition for compensation benefits with the Workers' Compensation Commission, and a hearing was held. At the hearing, employee testified that he had arrived at work at approximately 6:50 a.m. the morning he was injured. He said that the injury occurred sometime after he had arrived but before he commenced working. He explained that he usually began working at approximately 8 a.m. but that he had no regular starting time. He further testified that he actually started work whenever the owner of the business arrived, which could be as early as 7 a.m.

In addition, he admitted that on the day he was injured, up until the time he was taken to the hospital, his employer had not arrived.

The trial commissioner denied compensation, finding that employee's injury did not arise out of and in the course of his employment. The appellate commission affirmed the judgment in a decree issued on July 19, 1984. The employee's petition for certiorari followed.

The issue presented is whether the appellate commission erred in affirming the trial commissioner's denial of benefits to the employee on the grounds that the injury did not "arise out of and in the course of his employment."

We have recently stated the criteria and standard for review of a judgment of the Workers' Compensation Appellate Commission where an employee is injured prior to the commencement of the workday. *Branco v. Leviton Manufacturing Co.*, 518 A.2d 621 (R.I., 1986). In *Branco* we said:

"Whether an employee's injury arises out of and in the course of employment is a mixed question of law and fact. *DeNardo v. Fairmount Foundries Cranston, Inc.*, 121 R.I. 440, 399 A.2d 1229 (1979). The appellate commission's findings of fact are conclusive and will not be disturbed by this court so long as they are supported in the record by competent legal evidence. If the facts as found by the appellate commission would lead to but one conclusion, then the question of whether the injury arose out of the employment is one of law and the court is permitted to substitute its judgment for that of the commission.

"The resolution of the instant case depends on our application of the 'going-and-coming rule' of workers' compensation. The rule generally operates to deny compensation when injury occurs while the employee is traveling to or from the workplace. It also denies coverage to employees injured on the employer's premises but before commencement or after completion of the fixed work shift. *Lima v. William H. Haskell*

*Manufacturing Co.*, 100 R.I. 312, 215 A.2d 229 (1965). Because of the apparent harshness of this rule, however, we have been willing to find exceptions to the rule depending upon the circumstances of each case. Thus, we have held that the employee is entitled to compensation benefits if it can be demonstrated that a nexus or causal connection exists between the injury sustained and the employment. * * * *DiLibero v. Middlesex Construction Co.*, 63 R.I. 509, 9 A.2d 848 (1939).

"In determining whether a sufficient nexus is established, we examine the particular facts and circumstances surrounding the accident in light of three criteria first articulated in *Di Libero, supra.* Initially we inquire whether the injury occurred within the period of the employee's employment. Secondly we examine the situs of the injury to determine whether it occurred at a place where the employee might reasonably have been expected to be. Finally we inquire whether the employee, at the time of injury, was reasonably fulfilling the duties of his job or was performing some task incidental to those duties or to the conditions under which those duties were to be performed. * * * If the *Di Libero* criteria are met, then the nexus is satisfied; the court will depart from the strict application of the 'going-and-coming rule,' and the employee will receive compensation benefits." *Branco,* at 622–623.

Applying the *Di Libero* criteria to the instant case, we find that the appellate commission properly denied Kesson's claims for compensation. *DiLibero v. Middlesex Construction Co.*, 63 R.I. 509, 9 A.2d 848 (1939). Kesson testified that he had no specific starting time for work. His workday commenced when the owner arrived on the premises, usually at about 8 a.m. It is not disputed that on the date Kesson was injured his employer did not arrive until after Kesson had been taken to the hospital. Moreover, the injury occurred before 8 a.m. In addition, the injury occurred outside employer's premises.

The employee agrees that the premises were closed at the time the injury occurred. Finally, Kesson admits that he had not yet begun to work on the day he was injured. Nor was he performing any task incidental to or in preparation for the commencement of the workday. He was merely drinking a cup of coffee while socializing with a fellow employee.

For these reasons, we feel that the criteria enunciated in *Di Libero* have not been satisfied. As a result the "going-and-coming rule" is controlling without exception. In light of the facts that Kesson was injured before he began work, and that his injury did not occur on the employer's premises, we find that the appellate commission properly denied the employee compensation.

Accordingly, the employee's petition for certiorari is denied, the writ previously issued is hereby quashed. The papers in the case are remanded to the commission with our decision endorsed thereon.