ROBERT H. BRIDE *vs.* CATHEDRAL ART METAL CO., INC.

APRIL 2, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.   This is an appeal by the petitioner from a decree entered in the superior court denying relief prayed for under the workmen's compensation act, general laws 1938, chapter 300.

The evidence was undisputed and showed, among others, the following material facts.  The petitioner was employed for many years by the respondent and about one half of each year was spent in the performance of duties usual to the employment of a traveling salesman. The respondent manufactured goods and sold them to retail store customers, and not directly to the consumer.

On April 21, 1937 petitioner made one of his customary trips to Buffalo, arriving there about 5 o'clock p. m., and established his headquarters at a hotel.  He first telephoned to a customer and arranged to meet him at the hotel on the following day.  Being desirous of obtaining information concerning a possible "contact" in Depew, New York, which might aid one of his customers, and possibly lead to a sale, he tried to obtain it by telephoning to another customer or friend.  That person was not at home and petitioner later telephoned some friends in Buffalo, who formerly had lived in Depew, thus making an engagement to visit them that evening.

He had been friendly with them for about five years and had visited them on previous occasions when he was traveling in that vicinity.  He arrived, about 8 or 8:30 p. m., at their home, where he remained until about 11 p. m., when he left to return to his hotel.  While walking to a nearby corner, where he intended to board a street car, he was injured by an automobile, necessitating hospital and doctors' services, and resulting in about eleven weeks' disability.  There was no direct evidence that petitioner knew, before his visit,

that these friends would have the desired information, or specifically what details he desired; and his only testimony about his success in obtaining it is: "I was satisfied with the information I received, yes."

The trial justice found, in substance and effect, that the petitioner was not injured by an accident which happened in the course of his employment; that any business purpose involved in the visit to his friends that evening was purely "incidental" as distinguished from duties in the course of his employment; and that the accident did not arise out of his employment, because it had occurred on a highway where the risk of injury was common to that of the public and might have happened to him wholly apart from his employment.

The petitioner contends substantially, if we understand correctly, that the findings of the trial justice are not supported by any competent evidence, and therefore the case presents a question of law that is reviewable by this court; second, that recovery by a traveling salesman, who has been injured under circumstances similar to those in the instant case, is supported by the weight of authority elsewhere; and third, that if we hold the findings of the trial justice to be within the law stated in *Jillson* v. *Ross*, 38 R. I. 145, we ought to overrule that case and draw our own inferences here and whenever the evidence is undisputed, even though the evidence be open to different reasonable inferences.

On the other hand, the respondent contends, first, that there is nothing in the transcript of evidence or the circumstances here to warrant a departure from the well-established rule stated in *Jillson* v. *Ross, supra;* and second, that the findings of the trial justice are findings of fact, are supported by reasonable inferences from the undisputed evidence, and, being so supported, are therefore conclusive under the statute, citing *Reynolds* v. *Freemasons Hall Co.,* 60

R. I. 343; *Barker* v. *Narragansett Racing Ass'n., Inc.*, 65 R. I. 489, 16 A. 2d. 495.

In our opinion the respondent's contention is correct. We find nothing here to warrant a reversal of the law stated in *Jillson* v. *Ross, supra,* which has been followed in many cases since that opinion was rendered. In the absence of fraud, such findings of fact, if supported by any competent evidence, are made conclusive by the statute. The first and decisive question, therefore, is whether the finding of the trial justice, that the petitioner was not injured by an accident in the course of his employment, is supported by any competent evidence. This question is decisive because, if the petitioner was not injured by an accident in the course of his employment, his injury could not be said to have arisen out of his employment.

We have examined the evidence and, in our opinion, different reasonable and conflicting inferences may be drawn therefrom. The undisputed evidence shows that the petitioner's visit to his friends was prompted largely by social reasons, although he testified that he also desired to obtain certain information for possible use in relation to his business. That made it necessary for the trial justice to decide whether or not the petitioner's presence on the highway, returning from such a visit, was so reasonably related to the nature or conditions of his employment, in point of time, place and circumstances, as to support the petitioner's contention that he was injured by an accident arising out of and in the course of his employment. Such decision required a consideration of all the facts in evidence and the reasonable inferences to be drawn therefrom.

The trial justice found substantially that the reason given by petitioner for his visit to his friends, so far as it may have related to his business, was purely "incidental", meaning entirely of a chance nature, and as such must be distinguished from something which was reasonably expected to be per-

formed in the course of his employment. In other words, as we understand the decision of the trial justice, the petitioner's visit to his friends was primarily social, with only a remote chance or hope that some helpful information concerning a possible contact might be obtained; and therefore that such visit was not reasonably dictated or contemplated by the nature of his employment or the conditions under which he was expected to work.

The evidence and fair inferences therefrom are not such as would lead a reasonable man to only one conclusion, as petitioner apparently contends. In our opinion, the findings of the trial justice on the questions involved are supported by reasonable inferences from the evidence. Since these facts, as found by the trial justice, are made conclusive upon us by our statute, we need not consider the cases from other jurisdictions cited by the petitioner to support his general contention.

The appeal of the petitioner is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Lisker, Sullivan & Lisker, Eugene J. Sullivan, Jr.,* for petitioner.

*Haslam, Arnold & Sumpter, Harry A. Tuell,* for respondent.