294 A.2d 184.

CHARLES E. GALLAGHER *vs.* NORWOOD MOTORS CO.

AUGUST 4, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

470

Paolino, J. This original petition for compensation is before us on the petitioner's appeal from a decree of the Workmen's Compensation Commission affirming a decree of the trial commissioner who denied and dismissed his petition.

The basic issue raised by this appeal is whether petitioner's injury arose out of, or was sustained in the course of his employment with respondent. The resolution of this question depends upon whether the circumstances of this case warrants the application of an exception to the "going-and-coming rule."

Under that rule, as we pointed out in *Lima* v. *William H. Haskell Mfg. Co.*, 100 R. I. 312, 215 A.2d 229 (1965), an injury does not arise out of and in the course of employment if sustained by an employee either while going to or coming from his place of work.[1] However, we recognize an

---

[1]*See Montanaro* v. *Guild Metal Products, Inc.*, 108 R. I. 362, 275 A.2d 634 (1971) and *Bergeron* v. *Kilnic Company*, 108 R. I. 313, 274 A.2d 753 (1971).

exception to the "going-and-coming rule" if the following criteria are met, that is, if the injury occurred within the period of employment at a place where the employee might reasonably have been and while he was either reasonably fulfilling the duties of his employment or doing something incidental thereto or to the conditions under which those duties were to be performed. In *Lima* at 315, 215 A.2d at 230, we referred to the foregoing as the *"Di-Libero* standards" because they were first suggested in *Di-Libero* v. *Middlesex Constr. Co.*, 63 R. I. 509, 9 A.2d 848 (1939). If those standards are met, we apply an exception to the "going-and-coming rule" and conclude that the injury arose out of and in the course of employment, that it was incidental to the employer-employee relationship, and that the injured employee is entitled to compensation. *Lima* v. *William H. Haskell Mfg. Co., supra.*

We address ourselves now to the facts of the instant case.

On April 20, 1970, petitioner was employed as a used car salesman by respondent which is in the business of selling and servicing new and used cars and trucks. The petitioner was assigned an automobile for his own use by respondent.

It appears from the evidence that on various days petitioner worked one of two different shifts. These shifts were the hours of the day when he was supposed to be at respondent's premises. One shift commenced at 1 p.m., the time when he was supposed to be "on the floor," remaining there, except for a supper break, until respondent closed at 9 p.m. The other shift was split, and required him to be "on the floor" from 8:30 a.m. to 1 p.m., after which he was off duty until 6 p.m., when he was due to return and work from 6 to 9 p.m.

Although it appears from the testimony that on April 20, 1970, petitioner was on the 1 p.m. to 9 p.m. shift, the evidence indicates that he came to respondent's premises in

the morning, either at 8:30 a.m. for a sales meeting, or 9:30 or 10 a.m. to prepare automobiles, which he had sold, for delivery. Although his testimony with respect to his time of arrival at respondent's place was conflicting, the trial commissioner states in his decision that petitioner arrived there between 9:30 and 10 a.m. The petitioner left respondent's premises either between 2 and 3 p.m., according to petitioner's testimony, or about 11 a.m., according to the testimony of Raymond E. Aubourg, respondent's used car sales manager and petitioner's immediate superior. The trial commissioner found that at some time around noon, April 20, 1970, petitioner left respondent's premises and went to a cafe within a mile of said premises. He testified that his purpose in going there was to have a sandwich and also to discuss the sale of an automobile with a prospective customer named "Eddie." While there he had lunch and at least two drinks of whiskey and water while talking with a former customer for some of the time.

About 2 or 2:30 p.m., according to petitioner, or about 1:30 p.m., according to Mr. Aubourg, petitioner telephoned the latter, advising him where he was, that he had missed "Eddie" and that since he worked all morning he would go home, have supper, and be back on the floor at 6 p.m. The petitioner testified that he was free until 6 p.m., at which time he was due back at respondent's place of business. Mr. Aubourg testified that petitioner was due back about 1 p.m., that petitioner telephoned him at about 1:30 p.m. and said he had a family problem and requested the afternoon off. Mr. Aubourg said that he reluctantly agreed to letting petitioner take the afternoon off.

The petitioner remained at the cafe until close to 4 p.m. when he left for home in the automobile furnished him by respondent. On the way home the auto which he was driving was involved in a serious accident about one mile from the cafe. He sustained very extensive and severe injuries which have incapacitated him.

After reviewing the evidence and noting certain inconsistencies in petitioner's testimony, the trial commissioner concluded that petitioner had interrupted his employment when he called the sales manager and received permission to take the afternoon off. With respect to petitioner's claim that he was carrying on an activity at the cafe which was connected with his employment, that is, that he expected to meet persons there to whom he might sell an automobile, the trial commissioner in effect found that petitioner's visit there was purely social. In so finding he relied on the case of *Bride* v. *Cathedral Art Metal Co.*, 66 R. I. 331, 19 A.2d 317 (1941), where the court, in affirming the trial justice's findings, spoke as follows at 335, 19 A.2d at 318:

> " * * * as we understand the decision of the trial justice, the petitioner's visit to his friends was primarily social, with only a remote chance or hope that some helpful information concerning a possible contact might be obtained; and therefore that such visit was not reasonably dictated or contemplated by the nature of his employment or the conditions under which he was expected to work."

The trial commissioner then discussed the "going-and-coming rule" and concluded that petitoner had not met the tests laid down by the court in the *Lima* case. He found (1) that the injury did not occur within the period of employment because the petitioner had temporarily suspended his employment by his own request and with the permission of his superior; (2) that petitioner was neither reasonably fulfilling the duties of his employment, nor doing something incidental thereto, at the time he sustained the injuries as a result of the collision; and (3) that the injuries were not sustained at a place where he might reasonably have been expected to be in the fulfillment of his contract of employment.

On the basis of the foregoing he held that petitioner had failed to prove by a fair preponderance of the credible evidence that he sustained personal injuries which arose out

of or were sustained in the course of his employment with respondent, or were connected therewith or referable thereto, or that at the time of the collision he was fulfilling the duties of his employment with respondent or doing something incidental thereto.

In support of his argument that he never departed from the scope of employment on the day of the collision, the petitioner refers to his uncontradicted testimony that he visited the cafe in question for the purpose of selling an automobile and that the person he was looking for at the cafe did, in fact, subsequently purchase an automobile producing a commission in which he shared. In further support of such argument he points to his testimony that he was to make customer calls by telephone upon his arrival home and that he was due back on the floor at 6 p.m. Next he argues that the representation by his employer that he worked many hours regardless of his schedule convincingly indicates that he never departed from his scope of employment. Finally he cites several cases wherein the employer furnished his employee transportation to and from work and other cases wherein the employer furnished his employee with a motor vehicle with which the employee transported himself to and from work.

The cases cited by petitioner are factually distinguishable from those in the case at bar and are clearly not in point. For that reason we shall not take the time to discuss them here. We agree with petitioner that the occurrence of an injury on a public highway while an employee is going to or coming from work does not of itself preclude a finding of compensability. *Tromba* v. *Harwood Mfg. Co.*, 94 R. I. 3, 177 A.2d 186 (1962) ; *Peters* v. *Bristol Mfg. Corp.*, 94 R. I. 255, 179 A.2d 853 (1962). The petitioner's presence at the cafe, even if we assume that he was there for the purpose of selling an automobile, is not the decisive factor in this case. The important question here is whether at the time of the collision petitioner incurred an injury within

his period of employment at a place where he might reasonably have been while he was either reasonably fulfilling his duties of employment or doing something incidental thereto or to conditions under which those duties were to be performed.

The trial commissioner found that the petitioner interrupted his employment when he called his superior and asked for and received permission to take the afternoon off. There is an evidentiary basis for such finding and therefore we cannot fault him for so finding. Once petitioner interrupted his employment, it necessarily follows that thereafter, until he resumed the duties of his employment, he was not acting within the scope of his employment. This necessarily means that after he left the cafe and started on his way home he was on his own. On these facts the trial commissioner was warranted in finding that petitioner had failed to meet the *Lima* tests and that he had failed to prove by a fair preponderance of the evidence that the injuries complained of arose out of or were sustained in the course of his employment or were connected therewith or referable thereto, or that they occurred at a time when he was fulfilling the duties of his employment with the respondent or doing something incidental thereto. In the circumstances the decree of the full commission, which affirmed the findings of the trial commissioner, must be sustained.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the case is remitted to the Workmen's Compensation Commission for further proceedings.

*Goldman, Grady & Biafore, John D. Biafore,* for petitioner.

*Higgins, Cavanagh & Cooney, Harold E. Adams, Jr.,* for respondent.